MARSHA LYNN PRUITT, Plaintiff-Appellee, v. RICKEY JOE PRUITT, Defendant-Appellant.

Fourth District   No. 4—84—0235

Opinion filed November 30, 1984.

Hurt & Brinkoetter, of Decatur, for appellant.

Frederic M. Grosser, of Grosser & Hays, of Champaign, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Defendant appeals from an order of the circuit court of Champaign County awarding the plaintiff $4,500 in past-due child-support payments. He contends that the parties' oral modification of the child-support obligation is not binding nor enforceable.

The parties were divorced in 1973. At that time, child support was set at $120 per month for two children. In September of 1977, the parties discussed a modification of child support, and the defendant began paying $250 per month in child support. Defendant made regular payments of $250 per month until January 1982. The defendant has not paid any child support since January 1982. Defendant's termination of child-support payments coincided with plaintiff's remarriage in February 1982. Plaintiff's marriage was annulled in January 1983. In April of 1983, plaintiff filed a petition for rule to show cause to enforce child-support payments.

At the hearing on this matter, the defendant denied making an agreement with the plaintiff for an increase in child support. He testified that the increased payments that he did make were an advance on child support. However, in defendant's appellate brief he acknowledges that he did make a promise to plaintiff to pay an increased amount of child support.

The trial court found that the parties had made a bilateral agreement to increase child-support payments to $250 per month in September 1977 and that these payments were made until January 1982. The court entered judgment in favor of the plaintiff in the amount of $4,500 for past-due child-support payments. The court ratified the parties' agreement providing for child support of $250 per month. The court expressly reserved its ruling on the amount of attorney fees to be awarded to the plaintiff. The trial court's order did not include a finding that "there is no just reason for delaying enforcement or appeal" of the judgment. 87 Ill. 2d R. 304(a).

■ Before proceeding to the merits of this appeal, we must consider whether the trial court's order is final and appealable. This court has an obligation to inquire into its jurisdiction over a cause even where the parties on appeal fail to raise the issue. Parties may not confer jurisdiction upon the court by consent. *Board of Education v. Chicago Teachers Union, Local 1* (1975), 26 Ill. App. 3d 806, 326 N.E.2d 158.

Our supreme court in *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137, held that a petition for dissolution of marriage addresses a single claim that is not fully adjudicated until all its ancillary issues are resolved and that an order entered in connection with the petition is, therefore, not appealable, with or without a Rule 304(a) finding, until all of the issues presented by the petition are resolved. *Leopando* has been interpreted as preventing the appeal of a dissolution of marriage order which reserves the question of the apportionment of attorney fees for decision at a later date. *In re Marriage of Derning* (1983), 117 Ill. App. 3d 620, 453 N.E.2d 90; *In re Marriage of Rosenow* (1984), 123 Ill. App. 3d 546, 462 N.E.2d 1287.

■ Although *Leopando* involved appellate review of a dissolution proceeding order, we believe that the policy considerations of discouraging piecemeal appeals apply to a motion for a rule to show cause. Post-decree petitions are not new actions, but merely continuations of the dissolution proceeding. (*In re Marriage of Kozloff* (1984), 101 Ill. 2d 526, 463 N.E.2d 719.) We hold that *Leopando* prevents the appeal of a motion for a rule to show cause which reserves the question of the apportionment of attorney fees for decision at a later date. With-

out this rule, the trial court's later ruling on attorney fees could involve another appeal. Piecemeal appeals in post-decree petitions are inconsistent with the policy expressed by the supreme court in *Leopando* that all issues within dissolution proceedings should be resolved in a single judgment.

Accordingly, we find that the order from which defendant appeals is not a final, appealable order. Therefore, we do not have jurisdiction to adjudicate the merits of defendant's appeal. (*In re J.N.* (1982), 91 Ill. 2d 122, 435 N.E.2d 473.) Thus, the appeal is dismissed.

Appeal dismissed.

MILLS, P.J., and GREEN, J., concur.