BARBARA D. CLARKE, Petitioner-Appellant, v. GERALD L. CLARKE, Respondent-Appellee.

First District (5th Division)   No. 86—2511

Opinion filed March 4, 1988.

Andrea M. Schleifer and M. Kaye Janes, both of Kaszak & Schleifer, P.C., of Chicago, for appellant.

Carr & O'Rourke Associates, of Chicago (Donald A. Carr and Roland P. Ernst, of counsel), for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Petitioner Barbara D. Clarke appeals from an order of the circuit court of Cook County requiring her to pay the attorney fees of respondent Gerald L. Clarke and those of a court-appointed guardian *ad litem.* Those fees were incurred as the result of a dispute between the parties concerning Barbara's refusal to comply with the terms of visitation ordered by the circuit court. Barbara also appeals from those portions of the order denying as untimely her motion for amendment of the judgment of dissolution of marriage or for a new trial.

We find that the order appealed from was not final and therefore dismiss this appeal.

The parties were married on June 17, 1961. They have two chil-

dren: Heather, born January 29, 1969, and Jerold, born March 15, 1974. Heather is severely retarded and apparently cannot speak. Barbara filed her petition for dissolution of marriage on October 26, 1982. On May 3, 1985, the circuit court entered an order granting custody of the children to Barbara and providing for visitation by Gerald.

On January 27, 1986, Gerald filed a petition for rule to show cause seeking to have Barbara held in contempt of court for having denied him his right of visitation as to Heather on December 29, 1985, and January 12, 1986. On January 29, 1986, Barbara filed an answer and counterpetition in which she admitted to having unilaterally denied Gerald these visitation periods. She alleged that these denials were based on her belief that Gerald has sexually abused Heather during visitation periods. The sole evidence cited was a doctor's gynecological exam of Heather on November 1, 1985, which purportedly revealed an "abnormally large opening of the hymen" which the doctor doubted was self-induced. Barbara sought discharge of the rule to show cause and denial of visitation rights to Gerald, or alternatively, supervised visitation.

As a result of these allegations the court appointed a guardian *ad litem* for Heather. On April 18, and April 21, 1986, hearings were held on Barbara's counterpetition. Gerald's attorney reminded the court that he had a pending motion (apparently a reference to the petition for rule to show cause) which he still wanted the court to entertain, but stated that he had no objection to the court first hearing the testimony of Heather's doctor, as an accommodation to the doctor. No further reference was made to Gerald's petition during these proceedings. At the conclusion of Barbara's presentation of her evidence, the circuit court granted Gerald's motion for a directed finding, stating, "I haven't seen any clear and convincing evidence indicating Mr. Clarke has sexually abused or molested Heather." In a written order entered that day, which recited that the matter heard was Barbara's petition, the court found that there had been "no evidence" of sexual molestation of Heather by Gerald. The order further stated that Barbara's petition was dismissed with prejudice and that the prior order of visitation remained in effect.

Subsequently the guardian *ad litem* and Gerald's attorney filed fee petitions. Gerald's attorney sought payment of his fees by Barbara, alleging that Gerald should not be required to pay them "because of the nature of the allegations [in Barbara's petition] and the proof presented." In response to the guardian *ad litem's* petition for fees Gerald also requested that Barbara be required to pay the en-

tirety of those fees. Neither Gerald's attorney fee petition nor Gerald's answer to the guardian *ad litem's* petition specified the authority relied upon for requiring payment by Barbara.

A hearing on these fee petitions was held July 24, 1986. The amount of fees requested was not disputed. Again counsel for Gerald did not specify the authority he was relying on for assessing fees against Barbara.

At the hearing the court also heard argument on Barbara's contention that she had filed a timely motion for new trial or amendment of judgment with respect to the order of dissolution of marriage; that order was entered March 25, 1986. On April 21, 1986, the circuit court had entered an order granting either party leave to file post-trial motions within 28 days. Barbara did not subsequently file such a motion, but at the July 24 hearings she contended that she had submitted such a motion directly to the court on April 21 and therefore had filed the motion in a timely fashion. Barbara has not included a copy of that motion in the record on appeal.

On August 15, 1986, the circuit court entered an order denying Barbara's motion for a new trial as untimely and ordering Barbara to pay the $3,250 in fees requested by the guardian *ad litem* and the $8,166.70 in fees requested by Gerald's attorney. The order also recited that all matters in the case had been resolved and that it was a final order, but it made no mention of Gerald's pending petition for a rule to show cause as to Barbara. This appeal ensued.

OPINION

■ Preliminarily we would note that the state of the record before us would make consideration of the parties' contention on the merits a difficult undertaking. As we have noted, the record does not establish what authority the circuit court relied on in requiring Barbara to pay the attorney fees at issue. The order appealed from recites that the circuit court considered the financial condition of the parties, but the parties have not included in the record on appeal the transcript of proceedings of the prior dissolution hearing at which the circuit court heard the bulk of the testimony concerning the parties' financial condition. Although the circuit court found that Barbara's motion for a new trial was not timely filed, the record is devoid of any specific finding by the court concerning Barbara's claim that the court had physically received that motion in court on April 21, 1986. However, we need not determine the effect of this inadequate record on this appeal, for we find that the order appealed from was not a final one. As a reviewing court we have a duty to consider, on our

motion if necessary, whether we have jurisdiction to consider a case before us. (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 470 N.E.2d 290.) Here, as we have noted, the order appealed from did not dispose of the petition for a rule to show cause. Although in oral argument before this court Gerald has contended that the petition was abandoned, nothing in the record establishes that fact. Indeed, as we have noted, Gerald's trial counsel expressed an intent to follow through on the petition at the commencement of the hearing on Barbara's counterpetition.

■ We find the facts before us to be analogous to those in *Pruitt v. Pruitt* (1984), 129 Ill. App. 3d 50, 471 N.E.2d 1051. There a post-decree petition for a rule to show cause was filed to enforce payment of child support payments. The circuit court awarded judgment to the plaintiff for past-due child support, but expressly reserved its ruling on the amount of attorney fees to be awarded to the plaintiff. The appellate court on its own motion dismissed the appeal for lack of jurisdiction, finding that because the future award of fees could result in another appeal, the order awarding child support was not final. In this cause the court has dismissed Barbara's counterpetition and has awarded fees based on that dismissal. But the court has failed to dispose of the petition for rule to show cause which initiated this litigation. That petition cannot be deemed merely incidental to the ultimate rights adjudicated (see *In re Purdy* (1986), 112 Ill. 2d 1, 490 N.E.2d 1278), for its determination would necessarily involve some of the same issues pertinent to the award of fees, such as the good faith of Barbara's charges of sexual abuse. Thus the order from which Barbara appeals is not a final appealable order and we have no jurisdiction to hear it. *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480.

For the reasons set forth in this opinion, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

SULLIVAN and MURRAY, JJ., concur.