(No. 62238.—

*In re* CUSTODY OF NICOLE L. PURDY (James R. Purdy, Appellee; Jeanette G. Purdy, Appellant).

*Opinion filed March 19, 1986.*

2

Jerry N. Raymer, of Shultz & Raymer, of Bloomington, for appellant.

Fellheimer, Fellheimer, O'Dell & Travers, Ltd., of Pontiac (James R. Engelman, of counsel), for appellee.

JUSTICE SIMON delivered the opinion of the court:
On March 24, 1980, a judgment of dissolution of the

parties' marriage was entered by the circuit court of Livingston County. Later that year, a supplemental judgment was entered awarding custody of the parties' minor child to the mother pursuant to the parties' agreement. On June 12, 1984, the father filed a petition for a change of custody, alleging that the mother was incapable of caring for the child as a result of debilitating illness that the mother had suffered since the original custody order was entered.

After a hearing, the circuit court found that modification of the custody order was in the child's best interests and ordered a change of custody from the mother to the father, effective September 22, 1984. The order granted the mother reasonable visitation on alternating weekends and holidays but reserved ruling on the mother's summer visitation, beginning with the summer of 1985. The order also recited that there was no just reason to delay its enforcement or appeal. In a Rule 23 order (87 Ill. 2d R. 23), relying upon this court's decision in *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, the appellate court dismissed the mother's appeal on the ground that the circuit court's order was not final and appealable (135 Ill. App. 3d 1170). We allowed the respondent's petition for leave to appeal (94 Ill. 2d R. 315).

The mother appealed the circuit court's change-of-custody order to the appellate court under Supreme Court Rule 304(a), which provides in pertinent part:

"Rule 304. Appeals from Final Judgments That Do Not Dispose of an Entire Proceeding.

(a) Judgments As To Fewer Than All Parties or Claims—Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. *** In the absence of such a finding, any judgment

that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (87 Ill. 2d R. 304(a).)

The father maintains that the appellate court was correct in dismissing the appeal because *Leopando* holds that a custody order does not constitute a final judgment as to a separate claim, as required for appeal under Rule 304(a), but is an interlocutory order that must be appealed, if at all, under Supreme Court Rule 306(a)(1)(v) (94 Ill. 2d R. 306(a)(1)(v)). Rule 306(a)(1)(v) provides for appeal "from interlocutory orders affecting the care and custody of unemancipated minors, if the appeal of such orders is not otherwise specifically provided for elsewhere in these rules."

We note that if the appellate court did not regard the order changing custody as final and appealable, the court should have considered the propriety of the order under Rule 306(a)(1)(v) in order to resolve the custody question as quickly and economically as possible. However, the father's argument begs the question of whether the change-of-custody order in this case is a final judgment or is an interlocutory order. In *Leopando*, the custody order was issued in the course of a dissolution-of-marriage proceeding, and the holding was carefully limited to custody orders issued in that context:

> "[W]e do not believe that a custody order constitutes a final judgment as to a separate claim *in a dissolution proceeding*." (Emphasis added.) (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 118.)

The court reasoned:

> "A petition for dissolution advances a single claim; that is, a request for an order dissolving the parties' marriage. The numerous other issues involved, such as custody, property disposition, and support are merely ques-

tions which are *ancillary* to the cause of action. [Citation.] They do not represent separate, unrelated claims; rather, they are separate issues relating to the *same* claim." (Emphasis in original.) *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 119.

In the present case, however, the marriage of the parties has been dissolved since March 1980, and *Leopando* therefore does not govern. The issue of custody arises here not as a matter ancillary to the issue of dissolution or any other issue, but rather as a result of the father's post-dissolution petition for a change of custody. The petition sought a change of custody, and the petition was granted. An order for a change of custody in this context constitutes a final, and therefore appealable, order. The order also deals with various other matters, including the schedule of the mother's visitation with the child, the assignment of fees for the guardian *ad litem*, and an injunction restraining both parties from transferring funds from accounts bearing the child's name. The fact that the circuit court reserved ruling on the mother's summer visitation does not render the change-of-custody order interlocutory. "A decree is final if *** the matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by the decree." *Barnhart v. Barnhart* (1953), 415 Ill. 303, 309. See also *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 417.

Unlike the situation in *Leopando* in which the cause of action was a petition for dissolution of marriage and only the issue of custody had been decided, here the cause of action is a petition for a change of custody and *all* related claims have been decided except for the extent of the mother's summer visitation, a matter that is always subject to revision. Thus, the kind of piecemeal litigation that the decision in *Leopando* was intended to prevent cannot occur in this context.

We therefore reverse the appellate court's dismissal of this appeal and remand to the appellate court for a decision on the merits.

*Reversed and remanded.*