*In re* MARRIAGE OF ANN E. MERRICK, Petitioner-Appellee, and JEFFREY C. MERRICK, Respondent-Appellant.

Second District   No. 2—88—0782

Opinion filed June 1, 1989.

Kevin M. Myles, of Lake Forest, for appellant.

No brief filed for appellee.

JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a post-judgment order following a judgment of dissolution between petitioner Ann Merrick and respondent Jeffrey Merrick. Respondent appeals from an order requiring him to produce his income statements, including pay stubs, and W-2 and 1099 forms. Petitioner has not filed an appellate brief. We choose to review this appeal under the guidelines of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

■ Initially, we note that respondent has failed to include a jurisdiction statement in his brief in violation of Supreme Court Rule 341(e)(4)(ii) (122 Ill. 2d R. 341(e)(4)(ii)). Moreover, respondent has failed to address the issue of this court's jurisdiction in any part of his brief. If neither party has questioned this court's jurisdiction, we have an obligation to raise it *sua sponte* and to dismiss the appeal if jurisdiction is lacking (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539). Upon our own review, we conclude that we are without jurisdiction to decide the issue raised by respondent because respondent has not appealed from a final order.

Petitioner's post-judgment petition made the following requests for relief: (1) that petitioner be held in contempt for failure to pay respondent 35% of his 1987 net bonus as required by the judgment of dissolution; (2) that respondent order petitioner to produce his 1987 tax return so petitioner may determine whether a legitimate basis exists for an increase in support or maintenance; (3) that a rule to show cause be issued against respondent for his failure to provide petitioner with proof that he appointed petitioner as trustee and the minor children as beneficiaries of his life insurance; (4) that respondent be ordered to pay attorney fees for failure to comply with judgment of dissolution; (5) that respondent pay petitioner 50% of bonus received in 1986, rather than 35%, since 1986 was a tax year in which the couple was married; (6) that respondent pay petitioner interest for every day that he fails to pay petitioner her share of his bonus; (7) that bonus calculations be based on the gross figure minus any income tax obligations, but with no deduction for FICA. In a motion following this petition, petitioner also moved for production of respondent's 1988 wage

stubs and any other information indicating 1988 earned income.

In an order filed July 12, 1988, the trial court ordered respondent to tender proof that he appointed petitioner as trustee and the minor children as beneficiaries of his life insurance, and ordered respondent to produce his 1987 income tax returns and proof of income for 1988. The court reserved two issues for later determination: (1) attorney fees to petitioner for bringing the motion; (2) interest on the remainder of the bonus check to be tendered to petitioner in open court on July 8, 1988. The court denied all other relief. On August 11, 1988, respondent filed a notice of appeal from the July 12, 1988, order.

■ ■ We find we are without jurisdiction to address the merits of this appeal because the order appealed from did not adjudicate all of the claims brought by petitioner. As noted above, the trial court specifically reserved two issues for later determination. These issues concerned two claims for relief, a claim for interest on an amount of respondent's bonus due petitioner which had not been timely paid and a claim for attorney fees for respondent's failure to abide by the judgment of dissolution. Under Supreme Court Rule 304(a), where multiple claims for relief are involved in an action, an appeal from a final judgment as to less than all the claims may only be taken if the trial court has made an express written finding that there is "no just reason for delaying enforcement or appeal." (107 Ill. 2d R. 304(a).) This finding was not made here. Where an order resolves less than all the claims brought by a party and does not contain the Rule 304(a) language, the order is not final and appealable. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 442; *Atkinson v. Atkinson* (1981), 87 Ill. 2d 174, 177; *In re Marriage of Piccione* (1987), 158 Ill. App. 3d 955, 964.) Petitioner notes in his appellate brief that the two reserved issues were recently resolved in a later proceeding. There is, however, no record of these proceedings and nothing to indicate that there was a judgment on these issues before the notice of appeal was filed. We must conclude that the notice of appeal was filed before this later judgment adjudicated the remaining claims of petitioner. Therefore, the notice of appeal was premature to vest this court with jurisdiction. *In re Marriage of Piccione*, 158 Ill. App. 3d at 963.

We realize that in this case the order appealed from is a post-judgment order and that the supreme court found in two recent cases that a post-judgment order was appealable in spite of the trial court's express reservation of an issue for future determination. (*In re Custody of Purdy* (1986), 112 Ill. 2d 1; *In re Marriage of Cannon* (1986), 112 Ill. 2d 552.) These cases, however, are distinguishable from this case. In *Purdy*, first of all, the trial court included the Rule 304(a) language

that there was no just reason to delay enforcement or appeal. Secondly, in *Purdy*, the court found that the post-judgment petition involved a claim for a change in custody, which the trial court decided. The only issue reserved was a question of summer visitation rights, which would not affect the custody decision. (*Purdy*, 112 Ill. 2d at 5-6.) The court determined that the issue reserved by the trial court was merely incidental to the ultimate rights adjudicated, and thus the decree was final and appealable. (*Purdy*, 112 Ill. 2d at 5.) The same is true in the case of *In re Marriage of Cannon*. In that case, the court found that where the trial court resolved all the issues of dissolution, but made the disposition reviewable in two years, the judgment was final and appealable because the matters left for future determination were merely incidental to the ultimate rights which had been adjudicated. *Cannon*, 112 Ill. 2d at 556.

In this case, the matters reserved by the trial court were not incidental to the ultimate rights which had been adjudicated. Petitioner specifically requested that she be paid interest on her share of respondent's bonus not yet received, and petitioner specifically requested attorney fees for respondent's failure to comply with the judgment of dissolution. These were not matters that were incidental to a more fundamental or substantial claim made by petitioner; rather, these were two of seven specific claims for relief intended to remedy what petitioner claimed was respondent's failures in abiding by the judgment of dissolution.

In *In re Marriage of Piccione* (1987), 158 Ill. App. 3d 955, 964, this court found that a post-judgment order from a judgment of dissolution which determined an issue of child support, but reserved the issue of attorney fees and failed to include the statutory language of Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), was not final and appealable. We noted in *Piccione* that a disposition of attorney fees should be decided before a reviewing court makes a determination of the trial court's decision regarding child support because the issue of attorney fees is integrally related to decisions regarding the financial resources of the parties. (*Piccione*, 158 Ill. App. 3d at 963.) In the case at bar we need not be concerned with whether the two issues reserved by the trial court are integrally related to the issue raised on appeal. The issue raised by respondent, whether he must produce income reports for 1987 and 1988, is not related to the issue of interest and attorney fees owed petitioner. This distinction from *Piccione*, however, is not relevant to this case. In *Piccione*, the order appealed from adjudicated the main claim brought by petitioner, a claim for an increase in child support, but reserved the petitioner's request for at-

torney fees. Since the main claim had been adjudicated, it was necessary to determine whether the issue of attorney fees was merely incidental to this claim. We found that it was not because of the integral relationship involving the financial resources of the parties between an award of attorney fees and an award of child support. Here, as already discussed, we do not have a judgment which adjudicated the main claim for relief, but reserved other issues. In this case the petitioner brought seven claims for relief, none of which stand out as the essential or main claim of petitioner. Moreover, the judgment here reserved more than just a claim for attorney fees, it reserved another separate and substantial claim raised by petitioner, interest owed for payments not made by respondent.

In summary, since the order here did not dispose of all the petitioner's claims and the trial judge did not include the Supreme Court Rule 304(a) finding that there is no just reason for delaying enforcement or appeal (107 Ill. 2d R. 304(a)), we must dismiss this appeal.

The appeal from the circuit court of Lake County is dismissed.

Dismissed.

McLAREN and NASH, JJ., concur.