*In re* MARRIAGE OF MYRIAM TOMEI, Petitioner-Appellant, and ROBERT TOMEI, Respondent-Appellee.

Second District   No. 2—93—0131

Opinion filed December 8, 1993.

Alan J. Toback and J. June Chang, both of Lake, Toback & Associates, Ltd., of Chicago, for appellant.

Gerald C. Snyder, Jr., of Snyder, Clarke, Fouts & Associates, of Waukegan, and Bruce A. Slivnick, of Chicago, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Petitioner, Myriam Tomei (Myriam), appeals from a judgment dissolving her marriage to respondent, Robert Tomei (Robert). Myriam alleges on appeal that the trial court erroneously awarded physical custody of their three children to Robert, improperly distributed marital assets, and erroneously denied maintenance to Myriam. Robert has filed a motion to dismiss the appeal, and this court has ordered that the motion and Myriam's response to it be considered with the case.

Robert contends that this court is without jurisdiction to hear this appeal given the pendency of a fee petition filed by Myriam's attorney. In order to facilitate discussion of the jurisdictional question, it is necessary to recite chronologically certain procedural events in this case. After the December 14, 1992, trial, Judge Hartel entered a judgment for dissolution of marriage on December 28, 1992, in which he awarded joint custody of the children with Robert as the residential parent, allocated the marital and nonmarital property, ordered the parties to pay certain debts, and denied maintenance to Myriam. Myriam's trial attorney, Saul Ferris, filed a petition for attorney fees and costs on January 12, 1993. Judge Lawler entered an agreed order on January 19, 1993, granting Ferris leave to file his petition for fees and giving Robert time to respond. The matter was referred to Judge Hartel for hearing and disposition.

Myriam then filed a notice of appeal from the judgment of dissolution on January 27, 1993, prior to the entry of any further order disposing of the fee petition. Ferris filed a notice of motion on February 16, 1993, seeking a hearing on his fee petition. An agreed order was later apparently filed on June 18, 1993, which dismissed Ferris' fee petition with prejudice. This order is not contained in the record on appeal; however, Myriam attached a photocopy of the order to her objection to Robert's motion to dismiss this appeal.

Robert argues in his motion to dismiss that there is no final judgment upon which this court may act given the pendency of Ferris' fee petition at the time Myriam filed her notice of appeal. Robert alleges that the trial court's judgment did not dispose of the rights of the parties upon the entire controversy and did not contain language allowing for appeal under Supreme Court Rule 304(a). (134 Ill. 2d R. 304(a).) Therefore, Robert contends that Myriam's notice of appeal was premature and that this court lacks jurisdiction. Myriam argues in response that the June 18, 1993, agreed order dismissed the petition for attorney fees and thus cured the jurisdictional problem. Myriam also contends that Robert waived his right to seek dismissal of this cause because he actively participated in this appeal and allowed Myriam to participate in this appeal. She concludes that this court has jurisdiction and that any public policy considerations discouraging piecemeal appeals have been eliminated in this cause by the dismissal of the petition for attorney fees.

The jurisdictional statement declares that this cause comes before this court under the authority of Supreme Court Rules 301 and 303 as an appeal from a final judgment. (134 Ill. 2d Rules 301, 303.) A reviewing court may only hear appeals from final judgments or orders, or in situations where an exception specified in the supreme court rules is applicable. (*Tyler v. Tyler* (1992), 230 Ill. App. 3d 1009, 1011.) A final judgment is one which finally disposes of the rights of the parties either upon the entire controversy or upon a distinct and separate branch thereof. (*Tyler*, 230 Ill. App. 3d at 1011.) A party wishing to bring an appeal must wait until the trial court rules on any pending post-trial motions before bringing such action. (*Chand v. Schlimme* (1990), 138 Ill. 2d 469, 477.) A notice of appeal filed before the circuit court has disposed of a timely post-trial motion has no effect. *Chand*, 138 Ill. 2d at 477.

In *Tyler*, the wife's current and former attorneys both filed fee petitions prior to entry of the judgment for dissolution of marriage. The trial judge entered an order allowing the attorneys to file the petitions and continuing the petitions for status reports. The judgment of dissolution was entered a month later but made no mention of attorney fees. The wife filed her notice of appeal on June 16, 1989. The fee petitions were continued several times with the last continuance setting the matter sometime after appellate oral arguments. The appellate court concluded that allowing an appeal from the judgment of dissolution while the question of attorney fees remained pending in the trial court would run afoul of the policy to encourage the court to decide all matters incident to the dissolution in a single judgment.

This policy achieves finality, promotes judicial economy, and avoids complications which can result from the entry of partial judgments, particularly those which dissolve the marriage but reserve remaining issues for later determination. (*Tyler*, 230 Ill. App. 3d at 1012; see also *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 120.) Since the record contained no order disposing of the fee petition prior to the notice of appeal, the appellate court was without jurisdiction and the appeal was dismissed.

Similarly, the judgment for dissolution here did not mention attorney fees and the subsequent fee petition left apportionment of such fees unresolved. This court has determined that attorney fees are directly related to the central dispute in a dissolution of marriage case and thus are not incidental. (*In re Marriage of Derning* (1983), 117 Ill. App. 3d 620, 625.) Since attorney fees are dependent upon and integrally related to decisions regarding the financial resources of each of the parties, a disposition of their allocation should be made before the reviewing court can properly assess the trial court's decisions regarding maintenance, child support, or division of property. (*In re Marriage of Piccione* (1987), 158 Ill. App. 3d 955, 963; see also *Derning*, 117 Ill. App. 3d at 626.) The pending fee petition here rendered the notice of appeal premature; therefore, we must dismiss this appeal.

We also conclude that the June 18 agreed order dismissing the petition for attorney fees is of no consequence. In *In re Marriage of Merrick* (1989), 183 Ill. App. 3d 843, the petitioner filed a post-judgment petition for relief following a judgment of dissolution. The trial court granted some of the relief and reserved the issues of attorney fees and interest on a check for later determination. Respondent later appealed from this order. This court determined that it was without jurisdiction to address the merits of the appeal because the order appealed from did not adjudicate all of the claims brought by petitioner and did not contain the Rule 304(a) language that there is "no just reason for delaying enforcement or appeal." (*Merrick*, 183 Ill. App. 3d at 845.) Petitioner argued that the two reserved issues had eventually been resolved in a later proceeding. This court noted that, not only was there no record of these proceedings, there was nothing to indicate a judgment was entered on these issues *before* the notice of appeal was filed. We concluded that the notice of appeal which was filed before the court adjudicated the remaining claims of petitioner was premature to vest the reviewing court with jurisdiction. (*Merrick*, 183 Ill. App. 3d at 845.) Although *Merrick* was decided in the context of an appeal under Rule 304(a) of a "final judgment as to one or more

but fewer than all of the parties or claims" (134 Ill. 2d R. 304(a)), its principles are applicable here. The existence of the agreed order dismissing the petition for attorney fees does not overcome the fact that there was no judgment on the fee petition before the notice of appeal was filed, thus rendering the notice of appeal premature to transfer jurisdiction to this court.

Accordingly, the appeal from the circuit court of Lake County is dismissed for want of jurisdiction.

Dismissed.

GEIGER and BOWMAN, JJ., concur.