*In re* MARRIAGE OF GEORGE KONCHAR, Petitioner-Appellant, and ANNA CLARA IONTA, Respondent-Appellee.

Second District    No. 2—98—1236

Opinion filed April 6, 2000.

Burton F. Grant and Karen A. Covy, both of Grant & Grant, of Chicago, for appellant.

Carlton E. Odim, of Chicago, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

In a postdecree marriage dissolution proceeding, the petitioner, George Konchar, filed a petition for attorney fees. The trial court denied the petition because it found that the petition was not timely filed. The petitioner now appeals, arguing that the trial court erred in denying his petition for attorney fees. We affirm.

On June 30, 1993, the trial court dissolved the parties' marriage, and custody of the parties' minor son was subsequently awarded to the respondent, Anna Clara Ionta. On April 11, 1997, the respondent filed a motion to suspend or to supervise the petitioner's visitation

with the parties' minor son, and an amended motion was filed later. The petitioner filed a motion to dismiss the respondent's amended motion, and he included in that motion a one-sentence prayer for attorney fees. In subsequent motions to dismiss the respondent's motion to suspend or to supervise the petitioner's visitation with the parties' son, the petitioner also included a one-sentence prayer for attorney fees. On April 15, 1998, the trial court granted the respondent's motion in part, denied the motion in part, and established a new visitation schedule. The trial court's order did not address the petitioner's prayer for attorney fees.

On May 13, 1998, the petitioner filed a petition for attorney fees. The petitioner claimed that he could not pay the fees because he was unemployed and disabled. A record delineating the time spent and costs incurred in representing the petitioner was attached to the petition for attorney fees. The trial court subsequently denied the petition for attorney fees because the petition was not heard and decided before the April 15, 1998, judgment was entered. This appeal followed.

The petitioner argues that the trial court erred in denying his petition for attorney fees. The petitioner claims that section 508 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508 (West 1998)) applies to postdecree marriage dissolution cases and section 503 of the Act (750 ILCS 5/503 (West 1998)) applies to predecree marriage dissolution cases. The petitioner alleges that, because this cause is a postdecree marriage dissolution case, section 508 of the Act should apply, and, under section 508, the petitioner is entitled to attorney fees. The respondent claims that a petition for attorney fees filed after the close of proofs in a final hearing is untimely under either section 503 or 508 of the Act. The respondent argues that the trial court properly dismissed the petition for attorney fees because the petition was filed after the close of proofs and after the final judgment was entered.

Before June 1, 1997, section 508 of the Act exclusively governed petitions for attorney fees. 750 ILCS 5/508 (West 1994). However, effective June 1, 1997, section 508 of the Act was substantially amended and section 503(j) of the Act was added. See Pub. Act 89—712, § 5, eff. June 1, 1997.

■ As amended, section 508(a) provides, in pertinent part, as follows:

> "The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own or the other party's costs and attorney's fees. *** At the conclusion of the case, contribution to *attorney's fees and costs may be awarded from the*

*opposing party in accordance with subsection (j) of Section 503.*"
(Emphasis added.) 750 ILCS 5/508(a) (West 1998).

The relevant portion of section 503(j) provides as follows:

"After proofs have closed in the final hearing on all other issues between the parties *** *and before judgment is entered,* a party's petition for contribution to fees and costs incurred in the proceeding shall be heard and decided, in accordance with the following provisions:

(1) A petition for contribution, if not filed before the final hearing on other issues between the parties, shall be filed no later than 30 days after the closing of proofs in the final hearing or within such other period as the court orders." (Emphasis added.) 750 ILCS 5/503(j)(1) (West 1998).

The primary rule of statutory construction requires that the court ascertain and give effect to the legislative intent. *In re Marriage of Takata,* 304 Ill. App. 3d 85, 94 (1999). In order to determine the legislative intent, the courts should look to the language of the statute and give the words and phrases their plain and ordinary meaning. *Takata,* 304 Ill. App. 3d at 94. In doing so, the court must consider all of the parts of the statute together and give every word or phrase some reasonable meaning. *Takata,* 304 Ill. App. 3d at 94. If the language of the statute is clear, there is no need for the courts to use any other aids of construction in determining the legislative intent. *In re Marriage of Mitchell,* 181 Ill. 2d 169, 173 (1998).

Here, section 508(a) of the Act provides that attorney fees may be awarded at the conclusion of a case. The fees may be awarded in accordance with section 503(j) of the Act. Section 503(j) of the Act provides that a petition for fees must be heard and decided after the close of proofs in the final hearing and before judgment is entered. However, that language is qualified by section 503(j)(1) of the Act, which provides that if a petition for fees is not filed before the final hearing, then the petition must be filed no later than 30 days after the closing of proofs in the final hearing.

According to the record, it appears that the closing of proofs occurred on April 15, 1998. This is the same day that the final judgment was entered. The petitioner filed his petition for fees on May 13, 1998, and the filing of this petition was within the 30 days as provided for in section 503(j)(1) of the Act. The problem is that the judgment in the final hearing was already entered at the time the petitioner filed his petition. The question then becomes whether a party may file a petition for attorney fees 30 days after the close of proofs and after the final judgment has been entered.

■ We conclude that, under section 503(j) of the Act, a petition for

attorney fees must be heard and decided before the final judgment is entered. We determine that the phrase "before judgment is entered" that is presented in section 503(j) limits subsection (1) of section 503(j) of the Act so that the 30-day extension only applies to situations where a final judgment has not been entered. We reach this conclusion based on the fact that nowhere in section 503(j) does the legislature provide that the 30-day extension applies after final judgment has been entered. Rather, the 30-day period applies to extend the time to file a petition for attorney fees after the closing of proofs and, presumably, before final judgment is entered. If we were to conclude that the 30-day extension applies to cases where a final judgment has been entered, we would violate a cardinal rule of statutory construction that prohibits reading into the statute limitations, exceptions, and conditions that the legislature did not express. See *Kunkel v. Walton*, 179 Ill. 2d 519, 534 (1997).

The petitioner also argues, in the alternative, that his prayer for attorney fees contained in his motions to dismiss constituted a timely petition for attorney fees. We do not agree. It is well settled that a party requesting attorney fees must do more than merely ask for attorney fees. Specifically, the party requesting attorney fees must present the trial court with a detailed record containing the computations for fees, who performed the services for which fees are sought, the time spent representing the client, and the hourly rate charged. See *Sampson v. Miglin*, 279 Ill. App. 3d 270, 281 (1996); *Raintree Health Care Center v. Human Rights Comm'n*, 275 Ill. App. 3d 387, 397 (1995).

Here, in the motions to dismiss, the petitioner only asks, in one sentence, that he be reimbursed for the attorney fees and court costs he incurred in preparing and presenting the motion to dismiss. At no time prior to filing the petition for attorney fees did the petitioner present the trial court with a detailed record of the hours the attorney spent doing various tasks in representing the petitioner. Moreover, the petition for attorney fees was not filed as an amendment to any prayer for attorney fees that the petitioner presented in his original pleadings. Based on these facts, we cannot conclude that the one-sentence prayer for attorney fees the petitioner included in his motions to dismiss constituted a sufficient petition for attorney fees.

For these reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS and THOMAS, JJ., concur.