THIRD DIVISION

June 20, 2001

No. 1--00--0997

In re
 MARRIAGE OF MARGARET CARR, 

Petitioner-Appellant,

and 

WAYNE CARR, 

Respondent-Appellee. 

)

)

)

)

)

)

)

)

)

Appeal from the 

Circuit Court of

Cook County.

Honorable

LaQuietta L. Hardy, 

Judge Presiding.

JUSTICE BURKE delivered the opinion of the court:

Petitioner Margaret Carr ("Peggy") appeals from three orders of the circuit court granting respondent Wayne Carr's (Wayne) petition to set child support and ordering the payment amounts retroactive.  On appeal, Peggy contends that the trial court abused its discretion in deviating from the statutory guideline amount of child support set forth in section 505 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505 (West 1998)), and in reducing child support from $6,000 per month to $4,000 per month.  For the reasons set forth below, we dismiss this appeal.

STATEMENT OF FACTS

Peggy and Wayne were married in 1979, and two children were born during the marriage: Erin, born September 26, 1980, and Colleen, born July 6, 1984.  On February 14, 1989, Peggy filed a petition for dissolution of marriage and, on the same day, the trial court entered a judgment of dissolution of the marriage.  A marital settlement agreement was incorporated into the dissolution judgment.  The agreement awarded Peggy custody of the parties' two children; required Wayne to pay unallocated maintenance and child support in the amount of $6,250 for 12 months and, thereafter, $8,333.33 for 36 months; required Wayne to make direct payments to Peggy for the children's camp, extra curricular activities, and lessons up to $7,000 per year; and required Wayne to pay for educational expenses, including college.  Both parties subsequently remarried and a daughter, Molly, was born to Wayne and his second wife.

On September 16, 1998, Wayne filed a "Petition to Set Child Support," seeking a modification of the parties' previous marital settlement agreement based upon Erin's emancipation.  Wayne alleged that circumstances had changed because Erin had graduated from high school, was attending college, and had turned 18 years of age.  According to Wayne, it would not be equitable for him to pay all of Erin's college expenses and still pay $6,000 per month for child support of one child, Colleen.  On April 28, 1999, the trial court, after hearing the evidence presented by the parties, concluded that a modification of child support was warranted as a substantial change had occurred, 
i.e.
, Erin had graduated from high school, she had turned 18, and she was attending college.  The court noted that there was no agreement between the parties with respect to Wayne making child support payments past either child reaching the age of 18, nor did the dissolution judgment extend support payments for Erin past her 18th birthday.  The court further noted that Wayne paid 100% of Erin's college expenses at a cost, at that time, of $11,700, Wayne's net income for 1998 was $557,196, and the statutory 20% would be $111,439 per year or $9,287 per month.  After the trial court evaluated each of the statutory factors set forth in section 505 of the Act, it was the court's opinion that the statutory amount of $9,287 "far exceed[ed] the reasonable needs of Colleen," and that the statutory amount was "inappropriate."  Upon further considering the best interests of Colleen, in light of the evidence, the court concluded that a deviation from the statutory amount of section 505 of the Act was warranted.  Accordingly, the court ordered Wayne to pay $4,000 per month child support for Colleen, retroactive to March 1, 1999.

Thereafter, both Peggy and Wayne filed motions to reconsider. Prior to the trial court's decision on the motions, Peggy filed a petition for contribution
 for attorney fees on August 16, 1999.  On August 27, 1999, the trial court granted Wayne's motion to reconsider, ordering that the child support amount would be retroactive to September 16, 1998, the date Wayne filed his petition to set child support, and denied Peggy's motion to reconsider. 

On October 4, 1999, Peggy filed a "petition for rule to show cause for Wayne's failure to pay Erin's college expenses."  On March 9, 2000, an agreed order was entered, requiring Wayne to pay Erin's college expenses and $5,000 of Peggy's attorney fees.  This appeal followed.

ANALYSIS

This court has a duty to 
sua sponte
 consider the issue of jurisdiction even if the parties fail to raise the issue.  
In re Adoption of Ginnell
, 316 Ill. App. 3d 789, 790, 737 N.E.2d 1094 (2000).  A party seeking to appeal a trial court's judgment must file a notice of appeal within 30 days after entry of a final judgment or within 30 days after entry of an order disposing of the last pending posttrial motion, if any.  155 Ill. 2d R. 303(a)(1).  "A final judgment is one that fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment.  [Citation.]  To be final, a judgment must dispose of or terminate the litigation or some definite part of it."  
Ginnell
, 316 Ill. App. 3d at 793.

In the instant case, Peggy contends that the trial court's March 9, 2000, order (requiring Wayne to pay Erin's college expenses and ordering him to pay $5,000 of Peggy's attorney fees) rendered the trial court's August 27, 1999, order (granting Wayne's motion to reconsider and denying Peggy's motion to reconsider) and its April 28, 1999, order (setting child support) final.  According to Peggy, because a petition for attorney fees was pending, she could not appeal the order setting child support until the fee issue was resolved.

The cases Peggy relies upon in support of her contention, 
In re Marriage of Tomei
, 253 Ill. App. 3d 663, 624 N.E.2d 884 (1993), and 
In re Marriage of Tyler
, 230 Ill. App. 3d 1009, 596 N.E.2d 119 (1992), are distinguishable.  In each case, the petitioner filed a notice of appeal while a fee petition was still pending in the trial court following entry of the judgment of dissolution.  In both cases, the appellate courts concluded that the notice of appeal was premature because the attorney fee issue had not been resolved.  
Tomei
, 253 Ill. App. 3d at 666; 
Tyler
, 230 Ill. App. 3d at 1013.  

More specifically, in 
Tyler
, the court concluded that the appeal from a dissolution judgment while the question of attorney fees remained pending 

"would run afoul of the policy to 'encourage[] the [trial] court to decide 
all matters incident to the dissolution in a single judgment
, to the fullest extent of its authority, in order to achieve finality, promote judicial economy, and avoid multiple litigations and complications which can result from the entry of partial judgments, particularly judgments which dissolve the marriage but "reserve" remaining issues for later determination.' [Citations]."  (Emphasis in original).  
Tyler
, 230 Ill. App. 3d at 1012.  

In 
Tomei
, the court noted that attorney fees are "directly related to the central dispute in a dissolution of marriage case," and because attorney fees are "dependant [
sic
] upon and integrally related to decisions regarding the financial resources of each of the parties, a disposition of their allocation should be made before the reviewing court can properly assess the trial court's decisions regarding maintenance, child support, or division of property."  
Tomei
, 253 Ill. App. 3d at 665.

In the instant case, Peggy's petition for fees was filed in August 1999 and was not part of the dissolution proceeding.  In fact, the judgment of dissolution was entered over 10 years before--in February 1989.  Thus, the same concerns as were present in 
Tomei
 and 
Tyler
 are not present in the instant case because the equitable distribution of property and the overall issues of child support, maintenance, and property distribution are not at issue.  
Tomei
 and 
Tyler
 involved dissolution proceedings.  The instant case involves a postdecree proceeding.  Litigation in dissolution cases can continue subsequent to entry of a judgment of dissolution as is clearly evidenced by the instant case.  Wayne and Peggy have been in court every single year, without exception, since the judgment of dissolution was entered in 1989.  Attorney fees in postdecree cases are simply not directly related to the central issues in the equitable distribution of property as they are in cases at the time of a judgment of dissolution.  Accordingly, 
Tomei
 and 
Tyler
 are inapplicable.

The sole issue raised by Wayne's petition was to set the amount of child support that he was obligated to pay upon Erin's emancipation.  The trial court completely resolved this issue on April 28, 1999.  Thereafter, both parties filed "posttrial" motions for reconsideration.  The trial court rendered its decision on the motions for reconsideration on August 27, 1999.   At this time, the trial court's order fully and finally disposed of Wayne's petition to set child support and it determined the litigation on the merits.  There was nothing left to do except proceed with execution or enforcement of that order.  The trial court's order of March 9, 2000, ordering Wayne to pay Erin's college expenses and Peggy's attorney fees, had no effect on either the April or August 1999 orders setting child support.  The March 9, 2000, order addressed separate and unrelated claims from those issues raised in Wayne's petition to set child support.  Accordingly, Peggy was required to file her notice of appeal within 30 days of August 27, 1999, when the trial court entered its order making the child support payments retroactive to the date Wayne filed his petition and denying Peggy's motion for reconsideration, which she failed to do.  We therefore find that we lack jurisdiction to hear this appeal.

Although we have determined that we lack jurisdiction over this appeal, we briefly note that Wayne's reliance on 
In re Marriage of Konchar
, 312 Ill. App. 3d 441, 727 N.E.2d 671 (2000), as a basis for his argument that we lack jurisdiction, is misplaced.  While the 
Konchar
 court held that section 503 of the Act (750 ILCS 5/503 (West 1998)), which requires that petitions for contribution shall be filed before final hearings on other issues between the parties, or no later than 30 days after the closing of proofs, was applicable to postjudgment proceedings, we do not necessarily agree with this conclusion.  In any event, 
Konchar
 is distinguishable from the instant case because the 
Konchar
 court did not address the issue of jurisdiction. 

CONCLUSION

For the reasons stated, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

WOLFSON, J., concurs.

CERDA, J., specially concurring.

JUSTICE CERDA, specially concurring:

I disagree with a portion of the reasoning of the majority but concur in the result.  

Section 508(a) provides that contribution to attorney fees may be awarded from the opposing party in accordance with section (j) of section 503.  750 ILCS 5/508(a) (1998).  Awards may be made in connection with the maintenance or defense of any proceeding under the Act.  750 ILCS 5/508(a)(1) (West 1998).  The relevant portion of section 503(j) provides that a petition for contribution to attorney fees must be decided before judgment is entered in the proceeding:

“After proofs have closed in the final hearing on all other issues between the parties (or in conjunction with the final hearing, if all parties so stipulate) and before judgment is entered, a party’s petition for contribution to fees and costs incurred in the proceeding shall be heard and decided, in accordance with the following provisions:

(1) A petition for contribution, if not filed before the final hearing on other issues between the parties, shall be filed no later than 30 days after the closing of proofs in the final hearing or within such other period as the court orders.”  750 ILCS 5/503(j) (West 1998).  

In re Marriage of Konchar
, 312 Ill. App. 3d 441, held that a petition for contribution to attorney fees (incurred in connection with a post-judgment motion concerning visitation) that was filed within 30 days of the closing of proofs but after judgment was entered was untimely.  

The 
Konchar
 court read section 503(j) to mean that 
before
 a judgment is entered, a party's petition for contribution to fees must be heard and decided.  This interpretation was supported by section 508(a) which provides in part:

"The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own or the other party's costs and attorney's fees. *** At the conclusion of the case, contribution to 
attorneys's fees and costs may be awarded from the opposing party in accordance with subsection (j) of section 503
. (Emphasis added.)" 750 ILCS 5/508(a) (West 1998).

After considering both section 508(a) and section 503(j), the 
Konchar
 court held that a petition for attorney fees must be heard and decided before the final judgment is entered.  I agree with this finding. The April 28, 1999 court order decided the issue of child support of Colleen and was in effect, the final judgment order.  

The April 28, 1999 court order which decided the issue of child support for Colleen was the final judgment in this case.

The 
Konchar
 interpretation that section 503(j) requires that a petition for attorney fees must be decided before final judgment dictates that the August 16, 1999 petition for attorney's fees was untimely and the  March 9, 2000, order in our case was ineffective.  Although the 
Konchar
 interpretation of section 503(j) was not made in the context of an issue of appellate jurisdiction 
nevertheless it requires dismissal of our case.

If the proper procedure had been followed, the attorney fee petition would have been decided before the April 28, 1999, order was entered disposing of the petition to modify child support.  Since it was not, appellant should have appealed within 30 days of the August 27, 1999, order, which ruled on the motions to reconsider the April 28, 1999, order.  I therefore agree with the majority that we lack jurisdiction.