NANCY J. MACALUSO, n/k/a Nancy J. Ventrello, Plaintiff-Appellant, v. LOUIS A. MACALUSO, Defendant-Appellee.

Third District   No. 3—01—0033

Opinion filed May 15, 2002.

1044

Edward R. Jaquays and Victoria A. Boone, both of Law Offices of Edward R. Jaquays, of Joliet, for appellant.

Michael E. Marsh, of Law Offices of Michael E. Marsh, of Naperville, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:
This appeal arises from a postdissolution proceeding involving

Nancy Macaluso, n/k/a Nancy Ventrello (Nancy), and Louis Macaluso (Lou). Nancy appeals from a judgment of the circuit court of Will County dismissing as untimely her petition for contribution from Lou toward her attorney fees and costs. On appeal, she maintains that the trial court erred in holding that her petition was untimely. We reverse and enter judgment for appellant.

A judgment of dissolution of marriage dissolving Nancy's and Lou's marriage was entered on January 10, 1997. On February 18, 1998, Lou filed a three-count petition for modification. Count III of the petition sought a change in custody of the party's two children. On October 27, 1998, the court entered an order appointing attorney Michelle Hansen as guardian *ad litem* (GAL) for the children. In the order appointing the GAL, the court reserved the issue of apportionment of the GAL's fees between the parties. On March 12, 1999, a hearing was held on the GAL's petition for attorney fees to date, and an agreed order for judgment was entered against both parties for $1,625.

On June 22, 1999, following 15 nonconsecutive days of hearing, the trial court entered an order dismissing count I of Lou's petition as moot and denying counts II and III. On July 13, 1999, Nancy filed her petition for adjudication of costs and fees seeking contribution from Lou toward her attorney fees and costs. On August 16, 1999, Lou filed a response to Nancy's petition for costs and fees, denying each allegation of the petition but raising no affirmative defense. In September 1999, the GAL filed a supplemental petition for fees and on March 22, 2000, the GAL filed a final petition for fees. Hearings on both the GAL's fee petition and Nancy's petition for fees and costs were continued from time to time over a 15-month period, until both were heard on October 24, 2000.

On October 24, 2000, the trial court entered an order finding that the GAL's petition was timely and granting her fees totaling $10,034.25. The parties were ordered to split the GAL's fees equally, with Louis to be given credit for a previous payment. Judgment was entered against Lou for $5,017.12 and against Nancy for $3,392.13. In that same order, the trial court found that the fees sought by Nancy's counsel were reasonable and necessary and that it would be appropriate to order Lou to contribute 60% toward Nancy's attorney fees. However, the trial court, on October 24, 2000, dismissed Nancy's petition as untimely, finding that it was bound by *In re Marriage of Konchar*, 312 Ill. App. 3d 441 (2000).

■ Application for attorney fees in a postdecree dissolution proceeding are governed by section 508 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/508 (West 2000)). Section 508(a) states in relevant part as follows:

"The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own or the other party's costs and attorney's fees. \*\*\* At the conclusion of the case, contribution to attorney's fees and costs may be awarded from the opposing party in accordance with subsection (j) of Section 503. Fees and costs may be awarded to counsel from a former client in accordance with subsection (c) of this Section." 750 ILCS 5/508 (West 2000).

■ Reference is made in section 508 to section 503(j), which states:
"(j) After proofs have closed in the final hearing on all other issues between the parties (or in conjunction with the final hearing, if all parties so stipulate) and before judgment is entered, a party's petition for contribution to fees and costs incurred in the proceeding shall be heard and decided, in accordance with the following provisions:

(1) A petition for contribution, if not filed before the final hearing on other issues between the parties, shall be filed no later than 30 days after the closing of proofs in the final hearing or within such other period as the court orders.

(2) Any award of contribution to one party from the other party shall be based on the criteria for division of marital property under this Section 503 and, if maintenance has been awarded, on the criteria for an award of maintenance under Section 504.

(3) The filing of a petition for contribution shall not be deemed to constitute a waiver of the attorney-client privilege between the petitioning party and current or former counsel; and such a waiver shall not constitute a prerequisite to a hearing for contribution. If either party's presentation on contribution, however, includes evidence within the scope of the attorney-client privilege, the disclosure or disclosures shall be narrowly construed and shall not be deemed by the court to constitute a general waiver of the privilege as to matters beyond the scope of the presentation.

(4) No finding on which a contribution award is based or denied shall be asserted against counsel or former counsel for purposes of any hearing under subsection (c) or (e) of Section 508." 750 ILCS 5/503(j) (West 2000).

In *Konchar*, the court found that the jurisdictional language of section 503(j) of the Act, which requires that petitions for contribution shall be filed before final hearings on other issues between the parties, or no later than 30 days after the closing of proofs, was applicable to postdecree proceedings. *Konchar*, 312 Ill. App. 3d at 443. We do not agree.

■ It is axiomatic that when interpreting statutes courts must ascertain and give effect to the intent of the legislature. *In re Marriage of Takata*, 304 Ill. App. 3d 85, 94 (1999). The best indicator of legislative intent is typically the plain and ordinary meaning of the language of the statute. *Takata*, 304 Ill. App. 3d at 94. To that end, every part of the statute must be considered together and every word or phrase should be given some reasonable meaning within the context of the statute. *Takata*, 304 Ill. App. 3d at 94.

Section 508(a) of the Act provides that the court "[a]t the conclusion of the case" may award contribution toward attorney fees "in accordance with subsection (j) of Section 503." 750 ILCS 5/508 (West 2000). Section 503, which deals generally with the distribution of property in an original dissolution of marriage decree, contains a single subsection (subsection j) which deals with the contribution toward attorney fees in a predecree proceeding. Specifically, section 503(j) references "the final hearing on all *other* issues between the parties." (Emphasis added.) 750 ILCS 5/503(j) (West 2000). This reference is specific to the bifurcated hearing required in predecree proceedings. 750 ILCS 5/403(e) (West 2000).

■ We hold that so long as the trial court otherwise has jurisdiction over the case, either party may petition for contribution toward attorney fees "[a]t the conclusion of the case." 750 ILCS 5/508 (West 2000). We find that the procedural requirements of section 503(j) have no effect in postdissolution proceedings. See *In re Marriage of Carr*, 323 Ill. App. 3d 481 (2001).

■ For the foregoing reasons, we find that the circuit court erred in dismissing plaintiff's petition for contribution toward her attorney fees as untimely. As the trial court still had jurisdiction to apportion the GAL's fees between the parties, the court had jurisdiction to rule on plaintiff's petition. We note that the trial court found that Nancy's fees amounted to $34,388.90 and that 60% of those fees ($20,633.34) should be paid by Louis. Pursuant to our appellate powers, we reverse the judgment of the circuit court, grant plaintiff's petition for contribution toward her attorney fees and enter judgment in favor of Nancy and against Lou in the amount of $20,633.34. 134 Ill. 2d R. 366(a)(5).

The judgment of the circuit court of Will County is reversed and judgment entered for plaintiff.

Reversed; judgment entered.

BRESLIN and HOMER, JJ., concur.