No. 2--01--1096

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

In re
 MARRIAGE OF               ) Appeal from the Circuit Court

         )  of Lake County. 

ROXANNE ALYASSIR,               )

n/k/a Roxanne Radike,           )

                                )

Petitioner-Appellant,      )  No. 92--D--1999

  )

and                             )

                                )

IBRAHIM ALYASSIR,               )  Honorable

                                )  Gary G. Neddenriep,

Respondent-Appellee.       )  Judge, Presiding.

_________________________________________________________________                                         

JUSTICE McLAREN delivered the opinion of the court:

Petitioner, Roxanne Alyassir, now known as Roxanne Radike, appeals a judgment increasing the child support obligation of respondent, Ibrahim Alyassir.  Petitioner asserts that the increase is inadequate and based on a mistake of law.  For the reasons that follow, we dismiss the appeal.

A 1993 judgment dissolved the parties' marriage and obligated respondent to support the parties' daughter.  On May 23, 2001, petitioner filed a two-count postdissolution petition.  Count I sought increased child support.  Count II requested a rule to show cause why respondent should not be held in contempt for failing to pay medical bills that were his responsibility under the dissolution judgment.  On July 30, 2001, the trial court granted plaintiff relief on count I but continued the proceedings on count II.  On August 17, 2001, petitioner moved to reconsider the ruling on count I.  On September 5, 2001, the trial court denied the motion.  On September 25, 2001, while count II was pending, petitioner filed a notice of appeal from the orders increasing child support and denying her motion to reconsider.

Although neither party questions our jurisdiction over this appeal, we must do so independently and dismiss the appeal if jurisdiction is wanting.  
Ferguson v. Riverside Medical Center
, 111 Ill. 2d 436, 440 (1985).  For the reasons that follow, we conclude that we must dismiss this appeal.  

When an action involves multiple claims for relief, an order that finally resolves only one claim is not immediately appealable unless the trial court has found in writing that there is no just reason to delay either enforcement or appeal or both.  155 Ill. 2d R. 304(a); 
Marsh v. Evangelical Covenant Church
, 138 Ill. 2d 458, 464 (1990); 
Lozman v. Putnam
, 328 Ill. App. 3d 761, 767 (2002).  Here, the order from which petitioner seeks to appeal resolved only one of the two claims in her petition.  The trial court never made a Rule 304(a) finding, and the notice of appeal was filed before the court had resolved the second claim.  "Without the Rule 304(a) finding, a final order disposing of fewer than all of the claims is not an appealable order and does not become appealable until all of the claims have been resolved."  
Marsh
, 138 Ill. 2d at 464; see also 
In re Marriage of Tomei
, 253 Ill. App. 3d 663, 666-67 (1993).  Therefore, we lack jurisdiction to hear petitioner's appeal.  

To invoke our jurisdiction, petitioner relies on the First District's opinion in 
In re Marriage of Carr
, 323 Ill. App. 3d 481 (2001).  
Carr
 does appear to support petitioner.  However, we believe that 
Carr
 is unsound and we decline to follow it
.

In 
Carr
, the husband petitioned in 1998 to modify a child support obligation set by a 1989 dissolution judgment.  After the trial court granted the petition, both parties moved to reconsider and the wife filed a petition for attorney fees.  On August 27, 1999, the trial court granted the husband's motion to reconsider and denied the wife's motion to reconsider.  Apparently, the court's order had no Rule 304(a) finding.  On March 9, 2000, the trial court ruled on the wife's request for attorney fees.  The wife then filed a notice of appeal, challenging the trial court's modification of child support.  
Carr
, 323 Ill. App. 3d at 482-83.

The appellate court dismissed the appeal as tardy.  The court reasoned that the wife could have appealed within 30 days of the ruling of August 27, 1999, which finally disposed of the husband's petition to modify child support.  
Carr
, 323 Ill. App. 3d at 485.    
Carr
 does not discuss or distinguish 
Marsh
, and it does not explain directly why the August 27, 1999, order was immediately appealable without any Rule 304(a) finding even though the wife's fee petition was still unresolved.  Instead, 
Carr
 relies on the differences between a dissolution proceeding and a postdissolution proceeding.  Without citing 
In re Marriage of Leopando
, 96 Ill. 2d 114 (1983), 
Carr
 notes 
Leopando
's holding that the issues in a dissolution-of-marriage case are so intertwined that the trial court must decide all of them before either party may appeal.  
Carr
, 323 Ill. App. 3d at 484; see 
Leopando
, 96 Ill. 2d at 120.  Thus, the various issues are not separate "claims," and an order that does not resolve all of them is not immediately appealable--even if it does contain Rule 304(a) language. 
 
Leopando
, 96 Ill. 2d at 120; see 
Carr
, 323 Ill. App. 3d at 484.  However, because
 the issues in a postdissolution case may be distinct enough to be separate claims,  
Carr
 concludes that the order of August 27, 1999, which did not dispose of all the claims, was still immediately appealable.  
Carr
, 323 Ill. App. 3d at 484-85. 

Carr
 is unsound because it omits a crucial step.  The opinion fails to consider that, even if a case presents separate "claims," that means 
only
 that an order that finally resolves fewer than all of them 
can be made immediately appealable
 by including a written Rule 304(a) finding. Separability of issues is a necessary condition for a Rule 304(a) appeal.  It is not a 
sufficient
 condition.  A proper Rule 304(a) finding is still required.  
Carr
 undercuts 
Marsh
 by allowing an immediate appeal even when a claim is pending and the trial court has made no Rule 304(a) finding.  

Additionally, we believe that 
Carr
 is unsound because it removes the exercise of discretion given to the trial court to decide if a piecemeal appeal best serves judicial economy and the sundry parties' interests for which Rule 304(a) provides. The
 order from which petitioner attempts to appeal resolves only one of her claims and includes no Rule 304(a) finding.  Petitioner's second claim was pending when she filed her appeal.  Because the notice of appeal did not confer jurisdiction on us, we must dismiss the appeal.

The appeal from the judgment of the circuit court of Lake County is dismissed.

Appeal dismissed.

GROMETER and CALLUM, JJ., concur.