NO. 4-05-0908     Filed: 10/23/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| In re: the Marriage of | ) | Appeal from |
| DENNIS T. GAUDIO, | ) | Circuit Court of |
|     Petitioner-Appellee, | ) | Vermilion County |
|     v. | ) | No. 99D225 |
| SUSAN L. GAUDIO, | ) | |
|     Respondent-Appellant. | ) | Honorable |
| | ) | Gordon R. Stipp, |
| | ) | Judge Presiding. |

JUSTICE MYERSCOUGH delivered the opinion of the court:

In October 2005, the trial court denied respondent Susan L. Gaudio's postdissolution petition to modify and/or set maintenance. Opposing postdissolution motions regarding child support remained pending. Respondent appealed the dismissal of her petition regarding maintenance, arguing (1) the trial court had jurisdiction to hear the maintenance issue through the doctrine of revestment and (2) the maintenance award was modifiable. We dismiss the appeal for lack of jurisdiction.

I. BACKGROUND

Respondent and petitioner, Dennis Gaudio, married in September 1991. Two children were born to the parties, Kasey (born January 17, 1986) and Nicklas (born January 22, 1992). In June 1999, petitioner filed a petition for dissolution of marriage.

In December 1999, the trial court found grounds for dissolution proved but reserved "judgment and all other issues" for further consideration. In June 2000, the court entered a judgment of dissolution of marriage. The parties had entered into a settlement agreement on all ancillary matters. The court approved the settlement agreement and incorporated it into the judgment. The court awarded custody of the children to respondent. As is relevant to this appeal, the judgment also contained the following provision:

> "That beginning on June 15, 2000, the [p]etitioner shall pay to the [r]espondent the sum of [e]ight [t]housand [d]ollars ($8,000.00) per month as and for unallocated maintenance and support, said unallocated maintenance shall be non[]modifiable and which shall terminate upon the death of the [r]espondent or on June 15, 2005, whichever event shall first occur, with it being the intention of the parties that this be deductible to the [p]etitioner and taxable to the [r]espondent, and that effective on June 15, 2005, the issue remaining would then be child support thereafter, unless the parties would otherwise mutually agree to continue said

payments; other than aforestated in this paragraph, both parties are barred forever from receiving maintenance from the other[.]"

On May 27, 2005, petitioner filed a petition to modify the judgment of dissolution stating the parties had made no agreement to continue payments beyond June 15, 2005. Petitioner alleged that Kasey attained the age of 18 and graduated high school, and respondent only had one minor child in her custody. Petitioner asked the court to determine child support as to Nicklas effective June 15, 2005.

On June 15, 2005, respondent filed a petition for child support and education expenses. Respondent sought a determination of child support for Nicklas. She also sought an order requiring petitioner to pay all college and internship expenses for Kasey.

On September 20, 2005, the trial court entered an order arising from a hearing held on July 29, 2005. The order provided that with the exception of the petition for leave to intervene (filed by office holders and shareholders of Earl Gaudio & Son, Inc., petitioner's business), which the court denied, all pending matters would be continued. The order also provided as follows: "That until this case is determined by the [c]ourt, the prior order concerning unallocated support and maintenance shall continue without prejudice to either party."

- 3 -

On October 4, 2005, respondent filed a petition to modify and/or set maintenance. Respondent requested the trial court award her permanent maintenance.

On October 5, 2005, the trial court held a hearing on all pending matters, including petitioner's May 2005 petition to modify child support and respondent's June 2005 petition for child support and educational expenses. Prior to addressing those petitions, however, the court noted respondent filed the petition to modify and/or set maintenance the previous day. The court heard arguments and construed petitioner's counsel's remarks as constituting a motion to strike and dismiss the petition. After affording respondent's counsel an opportunity to respond, the court struck and dismissed the petition pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2004)). Specifically, the court found that respondent freely and voluntarily waived any right to maintenance when she accepted the terms of the settlement agreement. The court asked respondent's counsel whether she wanted a written order, but she declined.

The trial court proceeded to hear evidence on petitioner's petition to modify child support and respondent's petition for child support and educational expenses. The hearing did not conclude that day and was continued. According to the docket sheet, another hearing was set for January 9, 2006.

- 4 -

However, on November 1, 2005, respondent filed a notice of appeal.  Respondent's notice of appeal sought reversal of the trial court's October 5, 2005, order pertaining to maintenance.

On April 28, 2006, respondent filed a motion to consolidate this case with case No. 4-06-0331.  The notice of appeal in that case, filed April 19, 2006, seeks reversal of the trial court's March 20, 2006, order as it pertains to the award of maintenance to respondent.  The motion to consolidate was denied on May 15, 2006.

## II. ANALYSIS

While neither party initially addressed whether this court had jurisdiction over the appeal, we have an independent duty to examine our appellate jurisdiction.  See Tumminaro v. Tumminaro, 198 Ill. App. 3d 686, 690, 556 N.E.2d 293, 296 (1990).  Upon request, the parties filed supplemental briefs addressing the jurisdictional issue.

"A judgment or order is 'final' if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy."  Dubina v. Mesirow Realty Development, Inc., 178 Ill. 2d 496, 502, 687 N.E.2d 871, 874 (1997).  If multiple claims are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the claims only if the trial court makes an express written finding of no just reason to delay

- 5 -

either enforcement, appeal, or both.  155 Ill. 2d R. 304(a).

Without a Rule 304(a) finding, a final order disposing of fewer

than all the claims is not an appealable order and does not

become appealable until all of the claims are resolved.  Marsh v.

Evangelical Covenant Church of Hinsdale, 138 Ill. 2d 458, 464,

563 N.E.2d 459, 463 (1990).

A petition for dissolution advances a single claim--

dissolution of the parties' marriage.  In re Marriage of

Leopando, 96 Ill. 2d 114, 119, 449 N.E.2d 137, 140 (1983).

Therefore, issues raised in a dissolution-of-marriage case are

ancillary to the cause of action, not separate claims and not

appealable under Rule 304(a).  Leopando, 96 Ill. 2d at 119, 449

N.E.2d at 140 (holding that a court's custody order was not a

final order and not appealable with a Rule 304(a) finding because

a petition for dissolution advances a single claim).

This case does not involve a petition for dissolution.

The judgment of dissolution was entered in June 2000 and was

final for purposes of appeal.  At issue here are postdissolution

proceedings.  The First and Second Districts have reached differ-

ent results when examining whether a postdissolution order is

final when other postdissolution issues remain pending.  See In

re Marriage of Carr, 323 Ill. App. 3d 481, 752 N.E.2d 1181 (2001)

(First District); In re Marriage of Alyassir, 335 Ill. App. 3d

998, 782 N.E.2d 978 (2003) (Second District).  Respondent asks

- 6 -

this court to follow Carr.

In Carr, the appellate court held that it lacked jurisdiction over an appeal of a postdissolution child-support order. Carr, 323 Ill. App. 3d at 485, 752 N.E.2d at 1184. The court held that the issues pending at the time of the entry of the child-support order--payment of college expenses and attorney fees--had no effect on the child-support order. Carr, 323 Ill. App. 3d at 485, 752 N.E.2d at 1184. Therefore, the petitioner's failure to file her notice of appeal within 30 days of the entry of the child-support order divested the appellate court of jurisdiction over that issue. Carr, 323 Ill. App. 3d at 485, 752 N.E.2d at 1184.

In Alyassir, the petitioner filed a two-count postdissolution petition. Count I sought increased child support, and count II sought a rule to show cause why the respondent should not be held in contempt for failing to pay medical bills. Alyassir, 335 Ill. App. 3d at 999, 782 N.E.2d at 978. After the trial court entered an order on count I, the petitioner filed a notice of appeal, despite the fact that count II remained pending. Alyassir, 335 Ill. App. 3d at 999, 782 N.E.2d at 978.

The Alyassir court refused to follow Carr and found Carr's reasoning unsound for two reasons. Alyassir, 335 Ill. App. 3d at 1000-01, 782 N.E.2d at 980. First, the Carr court failed to consider that even if the claims were separate, that

- 7 -

only meant that an order that finally resolved fewer than all of them could be made immediately appealable by including a written Rule 304(a) finding. Alyassir, 335 Ill. App. 3d at 1000, 782 N.E.2d at 980. Second, Carr removed the exercise of discretion given to the trial court to decide if a piecemeal appeal best served juridical economy. Alyassir, 335 Ill. App. 3d at 1001, 782 N.E.2d at 980.

We agree with the reasoning in Alyassir. When the trial court dismissed respondent's petition to modify and/or set maintenance, other postdissolution matters remained pending. Even if the order dismissing respondent's petition constituted a final order, it was not immediately appealable without the required Rule 304(a) finding. See In re Marriage of Piccione, 158 Ill. App. 3d 955, 963-64, 511 N.E.2d 1157, 1163 (1987) (finding that a postjudgment order from a judgment of dissolution determining an issue on child support but reserving the issue of attorney fees and failing to include Rule 304(a) language was not final and appealable); cf. In re Custody of Purdy, 112 Ill. 2d 1, 5, 490 N.E.2d 1278, 120 (1986) (finding order on single postdissolution petition final for purposes of appeal where all of the custody issues were resolved, except the extent of the mother's summer visitation, an issue always subject to revision).

Respondent asks this court to draw a distinction between claims brought in the same petition versus those brought

in separate petitions.  We decline to draw such a distinction.

Regardless how the issues are raised (in a single petition versus

separate petitions), if an order finally resolves a separate

claim but leaves other claims pending, the trial court must make

a Rule 304(a) finding before the order is appealable.  See Marsh,

138 Ill. 2d at 464, 563 N.E.2d at 463.

Respondent urges this court to exercise jurisdiction

over the appeal because she filed a timely notice of appeal on

April 19, 2006, following the trial court's determination on

child support.  Respondent argues that because the child-support

issue was resolved in its entirety, this court has jurisdiction

to hear the appeal of the maintenance issue under either the

November 1, 2005, or April 19, 2006, notice of appeal.  Respon-

dent also notes she sought to consolidate the two appeals, but

this court denied the request.  Respondent claims that she

preserved the issue for appeal.

Respondent's November 1, 2005, notice of appeal was

premature because other matters remained pending, and the trial

court did not make a Rule 304(a) finding.  A premature notice of

appeal does not confer jurisdiction on the appellate court.  See

Marsh, 138 Ill. 2d at 469, 563 N.E.2d at 465.  Moreover, efforts

to consolidate the two appeals do not confer jurisdiction in this

case.  See, e.g., Charles v. Gore, 248 Ill. App. 3d 441, 445, 618

N.E.2d 554, 557 (1993) ("A consolidation does not operate to

establish jurisdiction where there was none before").  Because respondent did not file a timely notice of appeal in this case, this court lacks jurisdiction over this appeal.  This ruling does not affect this court's ability to address the issue in case No. 4-06-0331.

III. CONCLUSION

For the reasons stated, we dismiss the appeal for lack of jurisdiction.

Dismissed.

STEIGMANN and COOK, JJ., concur.