NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 2, 2008[*]
Decided October 2, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 08-1819 & 08-1872

| | |
|---|---|
| VERNIE L. DAVENPORT, JR., *Plaintiff-Appellant,* | Appeals from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | Nos. 07 C 50141 & 07 C 50246 |
| STATE OF ILLINOIS, et al., *Defendants-Appellees.* | Frederick J. Kapala, *Judge*. |

**O R D E R**

Vernie Davenport, dissatisfied with how the Illinois court system was handling his divorce, filed two suits in federal court under 42 U.S.C. § 1983. The first was against the State of Illinois and Judge Michael Mallon, the first judge involved in the divorce proceeding. The second included those two defendants as well as Judge Stephen

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Pemberton—he heard Davenport's motion to disqualify Judge Mallon—and the clerk of the Ogle County court, where the divorce proceedings were heard. The district court dismissed both suits based on the *Rooker-Feldman* doctrine, under which a federal district court lacks jurisdiction to review state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Hemmer v. Ind. State Bd. of Animal Health*, 532 F.3d 610, 613 (7th Cir. 2008).

We review de novo the district court's dismissal for lack of jurisdiction and, for the purpose of our review, we accept as true the allegations in Davenport's complaints. *See Evers v. Astrue,* 536 F.3d 651, 656 (7th Cir. 2008). In October 2005 Judge Mallon dissolved Davenport's marriage, but reserved the issues of property, support, and maintenance. About five months later, the attorney for Davenport's wife moved to vacate the order dissolving the marriage, and Judge Mallon granted the motion over Davenport's objection. Judge Mallon later entered a second judgment of dissolution, and Davenport appealed. The appeals court affirmed, holding that Judge Mallon had the power to vacate the first order, and the Illinois Supreme Court denied Davenport's petition for leave to appeal.

While the case was on appeal, the wife's attorney moved to transfer title of a car and sought attorneys fees. Davenport argued that Judge Mallon lacked jurisdiction while the case was before the appeals court, but Judge Mallon granted the motion to transfer title. Davenport appealed that ruling, but the appellate court dismissed the appeal. Davenport moved unsuccessfully to substitute another judge for Judge Mallon, and Judge Mallon later granted the motion for attorneys fees. Davenport responded with his first federal lawsuit charging that Judge Mallon misapplied the law and was not impartial.

After he filed his first suit in federal court, Davenport moved in state court to disqualify Judge Mallon. The clerk entered the following into the court's docket: "Plaintiff's Motion to Substitute Judge is granted. Case given to Judge Pemberton." Davenport appeared before Judge Pemberton and asked that Pemberton also be disqualified. Before ruling, Judge Pemberton determined that the docket should not have shown that the motion to disqualify Judge Mallon was granted; instead, it should have shown that Pemberton was assigned to hear the motion. The clerk corrected the docket, and Davenport launched another motion to disqualify Judge Pemberton, which Judge Pemberton reviewed himself and denied. Davenport responded with another federal lawsuit against the same defendants as the first one as well as Judge Pemberton and the clerk of Ogle County Circuit Court, accusing them of misapplying the law and denying him a fair trial.

On appeal Davenport argues that the *Rooker-Feldman* doctrine does not apply to any of his claims, but he is largely incorrect. The *Rooker-Feldman* doctrine bars Davenport's

request that a federal district court review or revise a preexisting state-court judgment (the second dissolution of the marriage). *See Lance v. Dennis*, 546 U.S. 459, 460 (2006). The appellees assume that the postdissolution orders on title transfer, fees, and disqualification are interlocutory and therefore not subject to *Rooker-Feldman*, *see TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005), but that premise may be incorrect. *See In re Marriage of Gaudio*, 857 N.E.2d 332, 335 (Ill. App. Ct. 2006) (identifying split among appellate courts on finality of postdissolution orders when other postdissolution issues remain pending). They are correct, though, that *Rooker-Feldman* does not bar jurisdiction over the claim against the clerk regarding the questionable docket entry, *see Snyder v. Nolen*, 380 F.3d 279, 289 n.10 (7th Cir. 2004) (per curiam). In any event, Davenport's claims that are not barred by *Rooker-Feldman* are barred for other reasons.

First, the district court properly dismissed all claims against the State of Illinois because a state is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Second, the court correctly dismissed the claims against the judges because they are absolutely immune. Although Davenport asserts that the judges acted without jurisdiction while the state case was on appeal, he does not dispute that his controversy was justiciable within the state courts and the adverse rulings were judicial in nature; absolute judicial immunity therefore defeats his claims. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005); *Dellenbach v. Letsinger*, 889 F.2d 755, 760 (7th Cir. 1989). Finally, judicial clerks enjoy absolute immunity when they take administrative acts at the direction of a judicial officer. *Snyder*, 380 F.3d at 286-87. As Davenport explains in his complaint, he objects to the clerk's making a docket entry "solely on the face of a letter from Judge Pemberton." Thus, the clerk is entitled to immunity as well.

Because Davenport's claims are all barred, the district court's dismissal of his complaints is

AFFIRMED.