# Illinois Official Reports

## Appellate Court

---

### *In re Marriage of Teymour*, 2017 IL App (1st) 161091

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF FOUAD TEYMOUR, Petitioner-Appellant, and HALA MOSTAFA, Respondent-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-16-1091 |
| Filed | September 6, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 03-D-11762; the Hon. Mark Lopez, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Matthew C. Arnoux, of Birnbaum, Haddon, Gelfman & Arnoux, LLC, of Chicago, for appellant.<br><br>Linda S. Kagan, of Chicago, for appellee. |
| Panel | JUSTICE LAVIN delivered the judgment of the court, with opinion.<br>Justices Fitzgerald Smith and Pucinski concurred in the judgment and opinion. |

**OPINION**

¶ 1 Petitioner Fouad Teymour appeals from the trial court's orders resolving several postdissolution matters raised by petitioner and his ex-wife, respondent Hala Mostafa. Other postdissolution matters remain pending below. Presently, appellate court case law is divided as to whether our jurisdiction over this appeal is governed by Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) or Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). We find that supreme court jurisprudence requires us to depart from the weight of First District authority and apply Rule 304(a). Because claims remain pending below and the trial court did not enter the finding required to confer jurisdiction under this rule, we dismiss this appeal for lack of jurisdiction.

¶ 2                                    I. Background

¶ 3 Petitioner and respondent were married on June 10, 1982, and had two children. The judgment for dissolution of marriage, entered in 2006, incorporated the parties' marital settlement agreement (MSA), which required petitioner to pay respondent $5000 in monthly maintenance for at least seven consecutive years. The MSA also provided that before seven years expired, respondent could file a petition to extend maintenance payments. Respondent also had an affirmative obligation to pursue training to increase her annual income through full-time employment, so long as petitioner complied with the MSA. Respondent's income would not be a factor in connection with modifying petitioner's maintenance obligation unless respondent's gross annual income from employment exceeded $50,000. The MSA further required that petitioner maintain life insurance and disability insurance policies naming respondent as the beneficiary.

¶ 4 Before seven years expired, respondent filed a petition to extend and increase maintenance. The petition also sought child support for their adult son Hisham, who respondent alleged was disabled, and a rule to show cause why petitioner should not be held in contempt for his failure to deposit with respondent copies of the requisite insurance policies. Additionally, respondent requested attorney fees and costs. For his part, petitioner sought the reduction of maintenance because his circumstances had changed and respondent had not attempted to become self-supporting. Both parties sought discovery sanctions. On September 23, 2014, the court ordered that these motions would be "addressed as part of the case in chief" and "ruled upon at the close of evidence as to whether sanctions should be ordered."

¶ 5 On June 12, 2015, following an evidentiary hearing, the court entered an order continuing maintenance at $5000 per month and found petitioner to be in indirect civil contempt with respect to his insurance obligation. The court did not, however, impose a penalty in conjunction with the contempt finding. *Cf.* Ill. S. Ct. R. 304(b)(5) (eff. Feb. 26, 2010) (stating that a contempt order imposing a penalty is immediately appealable). The court also granted respondent leave to file a petition for attorney fees under section 508(b) of Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508(b) (West 2014)). In addition, the court denied petitioner's motion for discovery sanctions but granted respondent's motion for such sanctions. To that end, the court granted respondent leave to file an attorney fee petition. See Ill. S. Ct. R. 219(c) (eff. July 1, 2002) (authorizing the court to award attorney fees as a sanction). The order did not address respondent's request for support of Hisham.

¶ 6        On July 8, 2015, respondent filed a petition for attorney fees under section 508(b) and Rule 219. She also filed a separate petition seeking fees under section 508(a) of the Act, arguing that while petitioner had the financial resources to pay her fees, she did not. Meanwhile, petitioner filed a motion to reconsider the court's ruling, arguing, among other things, that the court should formally deny respondent's request for support of Hisham. At a hearing on that motion, respondent's attorney stated that the court was not required to address her request for support of Hisham because neither party had asked the court to do so at the evidentiary hearing.

¶ 7        In an order entered on March 21, 2016, the court corrected certain factual errors contained in its prior order and indicated that the court had considered Hisham's disability in reviewing respondent's maintenance request but otherwise denied petitioner's motion to reconsider.[1] Petitioner filed a notice of appeal on April 18, 2016, challenging, among other things, (1) his continued maintenance obligation, (2) the imposition of sanctions, (3) the contempt finding, and (4) the trial court's failure to dismiss respondent's request for support of Hisham. Respondent's petitions for attorney fees, and possibly her request for child support, were still pending, however, and the trial court did not find under Rule 304(a) that there was no just cause for delaying appeal.

¶ 8                                          II. Analysis

¶ 9        On appeal, petitioner raises several challenges to the trial court's rulings. Yet, we are first compelled to address this court's jurisdiction. Before the parties filed briefs in this appeal, respondent filed a motion to dismiss the appeal for lack of jurisdiction, which a justice of this court denied. Additionally, petitioner argues that the record shows the trial court believed its judgment was appealable.

¶ 10       Whether a court has jurisdiction presents a legal question to be determined *de novo* (*Stasko v. City of Chicago*, 2013 IL App (1st) 120265, ¶ 27), without deference to the trial court's reasoning (*Nationwide Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755, ¶ 20). Additionally, a motion panel's denial of a motion to dismiss an appeal prior to briefing is not final and must be modified by the panel hearing the appeal where jurisdiction is lacking. See *In re Estate of Gagliardo*, 391 Ill. App. 3d 343, 348-49 (2009). Having considered the matter further, we now dismiss this appeal.

¶ 11                                    a. Appellate Jurisdiction

¶ 12       Pursuant to Rule 301, "[e]very final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Generally, parties may only appeal from final orders disposing of every claim in a case. *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 339 (2001). In addition, our supreme court defines a claim as "any right, liability or matter raised in an action." *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 465 (1990).

¶ 13       Under Rule 304(a), however, "[i]f multiple parties or *multiple claims* for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but *fewer than all* of the parties or *claims only if* the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." (Emphases added.) Ill. S. Ct. R.

---

[1]It is unclear from the record whether the court intended this statement to resolve respondent's separate request for support of Hisham, whether respondent abandoned that request, or whether that request remains pending.

304(a) (eff. Mar. 8, 2016). Conversely, "[i]n the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." *Id.* Thus, Rule 304(a) may apply where (1) the parties present multiple claims, (2) the trial court enters a judgment on at least one of those claims, and (3) that judgment is final. *Id.* Under those circumstances, however, the judgment will not be appealable under Rule 304(a) unless the court makes the requisite finding that there is no just cause for delay. *Id.*

¶ 14     The districts of this court are divided as to whether unrelated, pending postdissolution matters constitute separate "claims" or separate "actions," *i.e.* lawsuits. *In re Marriage of A'Hearn*, 408 Ill. App. 3d 1091, 1093-94 (3d Dist. 2011) (acknowledging this split between districts). This distinction is crucial to appellate jurisdiction. If each pending, unrelated matter constitutes a separate "claim" in the same action, a Rule 304(a) finding is required to appeal from an order disposing of only one. On the other hand, if each unrelated postdissolution matter constitutes a separate "action," an order disposing of only one of those actions constitutes a final appealable judgment under Rule 301, notwithstanding that other actions remain pending. In that instance, Rule 304(a) would not apply, negating the need for a finding as contemplated by that rule. Such a scenario would also require a litigant to file a notice of appeal within 30 days or entirely forgo appellate review of that order. See, *e.g.*, *In re Marriage of Carr*, 323 Ill. App. 3d 481, 483 (1st Dist. 2001) (dismissing an ex-wife's appeal from a postdissolution order as untimely where she waited for the trial court to resolve all pending matters instead of filing a notice of appeal within 30 days of the order being challenged).

¶ 15     To understand this difference of opinion, we now examine the relevant supreme court jurisprudence, which the appellate court has interpreted in an inconsistent manner. In doing so, we focus on precise terms of art that, unfortunately, are also frequently used in a less precise, colloquial sense. Furthermore, the terms used can only be understood in the context in which they arise. See *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 30 (stating that an opinion's language cannot be "ripped from its context to make a rule far broader than the factual circumstances which called forth the language" (internal quotation marks omitted)).

¶ 16                              b. Jurisdiction Before and After Dissolution

¶ 17     In the seminal case *In re Marriage of Leopando*, 96 Ill. 2d 114, 116 (1983), the circuit court entered a custody order but reserved for future consideration maintenance, property division, and attorney fees. The court also entered a Rule 304(a) finding. *Id.* Our supreme court held that all issues in an underlying predissolution case are "separate issues relating to the same claim," not "separate unrelated claims." (Emphasis omitted.) *Id.* at 119. Thus, the custody order at issue was merely "ancillary to the cause of action," *i.e.*, the claim. (Emphasis omitted.) *Id.*; see also *In re Marriage of Duggan*, 376 Ill. App. 3d 725, 736, 740 (2d Dist. 2007) (observing that *Leopando* used "cause of action" and "claim" interchangeably). Stated differently, the custody order resolved only one of several issues within a claim, not one *claim*. Because the custody order did not constitute a final judgment on a *claim* within the meaning of Rule 304(a), the trial court's Rule 304(a) finding did not render the order appealable. *Leopando*, 96 Ill. 2d at 119-20.

¶ 18    The court added, "a custody order is an interlocutory order. Indeed, if such orders were final for purposes of Rule 304(a), there would be no need for Rule 306(a)(1)(v)."[2] *Id.* at 118. That rule authorizes petitions for leave to appeal "from *interlocutory* orders affecting the care and custody of *** minors." (Emphasis added.) Ill. S. Ct. R. 306 (eff. July 1, 1982). In context, *Leopando* meant that a custody order is "interlocutory" in the sense that it is one issue within a single dissolution claim, rendering an order on that issue subject to change, not "final."

¶ 19    Because *Leopando* dictates that a predissolution action generally consists of only one claim, Rule 304(a) rarely, if ever, applies in predissolution actions. That being said, a postdissolution proceeding, which may occur years after the underlying predissolution proceeding has ended (*In re Marriage of Demaret*, 2012 IL App (1st) 111916, ¶ 35), presents a demonstrably different issue. In *In re Custody of Purdy*, 112 Ill. 2d 1 (1986), our supreme court declined to expand *Leopando* to postdissolution proceedings and, instead, recognized that postdissolution proceedings may involve multiple *claims*.

¶ 20    In *Purdy*, our supreme court found the appellate court had jurisdiction over an appeal from a postdissolution order that modified custody and contained a Rule 304(a) finding, but reserved the matter of summer visitation. *Id.* at 4-5. There, the ex-husband argued that the appellate court lacked jurisdiction over his ex-wife's appeal under Rule 304(a) because "*Leopando* holds that a custody order does not constitute a final judgment as to a *separate claim*, as required for appeal under Rule 304(a), but is an interlocutory order." (Emphasis added.) *Id.* at 4. In light of that contention, the issue in *Purdy* was whether the custody order on appeal constituted a claim or, like *Leopando*, was only an ancillary issue within a claim.

¶ 21    Our supreme court found that the modified custody order was not ancillary to the previous marriage dissolution "or any other issue" and that, while the order reserved ruling on the summer visitation schedule, that did not make the custody order "interlocutory."[3] *Id.* at 5. In short, the order on appeal did not merely dispose of one issue within a claim but instead resolved an entire claim. The court added that " '[a] decree is *final* if *** the matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by the decree.' " (Emphasis added.) *Id.* (quoting *Barnhart v. Barnhart*, 415 Ill. 303, 309 (1953)). In context, *Purdy*'s reference to a "final decree" indicates that an order resolving an entire claim is a final judgment on *that claim*, in contrast to the order disposing of one ancillary issue within the predissolution claim in *Leopando*. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016) (authorizing appeals from a "final judgment" resolving one of several claims where the trial court makes a requisite finding); *In re Marriage of Duggan*, 376 Ill. App. 3d at 736, 740 (treating the Rule 304(a) finding in *Purdy* as essential to its holding); *In re Marriage of*

____

[2]We note that the terms "interlocutory" and "final" can have multiple meanings depending on the context. See *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 48 (stating that "[a]n interlocutory order may be reviewed, modified, or vacated at any time before final judgment"); *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 368 Ill. App. 3d 734, 742 (2006) (stating that an interlocutory order is one that does not dispose of all of the controversy between the parties); *Kreutzer v. Illinois Commerce Comm'n*, 2012 IL App (2d) 110619, ¶¶ 27-28 (recognizing that "interlocutory" may be used in different senses and that a judgment can be both "interlocutory" and "final"); *First National Bank of Elgin v. St. Charles National Bank*, 152 Ill. App. 3d 923, 930 (1987) (finding that orders striking the defendant's motions were "final interlocutory rulings which were not appealable").

[3]The supreme court clearly meant "any other claim," rather than "issue," having taken pains in *Leopando* to hold that dissolution continues a claim.

- 5 -

*Merrick*, 183 Ill. App. 3d 843, 845-46 (2d Dist. 1989) (same). The decision in *Purdy* also suggests that "matters" that "are merely incidental" to the claim resolved in an order constitute or are part of a separate claim.

¶ 22      *Purdy* did not indicate that separate, unrelated postdissolution claims constitute separate actions or lawsuits. See also *In re Marriage of Kozloff*, 101 Ill. 2d 526, 528, 531 (1984) (holding in the context of a motion for change of venue "that post-decree petitions do not constitute new actions, but merely continuations of the dissolution proceeding"). Nor did *Purdy* purport to excuse the necessity of a Rule 304(a) finding before appealing from one of multiple claims pending in a postdissolution action. Yet, decisions of this court have implicitly or expressly subscribed to such interpretations of *Purdy*.

¶ 23                          c. Separate Claims or Separate Actions

¶ 24      In *Carr*, the trial court entered a postdissolution order reducing an ex-husband's child support obligation. Both he and his ex-wife filed motions to reconsider, and she filed an additional motion for contribution to her attorney fees. *Carr*, 323 Ill. App. 3d at 483. On August 27, 1999, the court modified the support order, but the motion for contribution was still pending, and the court apparently made no Rule 304(a) finding. *Id.* More than 30 days later, the ex-wife filed a petition for a rule to show cause for her ex-husband's failure to pay college expenses, which was disposed of when the court entered an agreed order for him to pay college expenses and attorney fees. *Id.* The ex-wife then appealed from the orders pertaining to child support. *Id.*

¶ 25      The First District of this court dismissed the appeal for lack of jurisdiction, rejecting the ex-wife's contention that she could not appeal from those orders until her motion for attorney fees was resolved. *Id.* at 484, 486. The reviewing court found her fee request was not part of the underlying dissolution proceeding, the order entered in August 1999 fully resolved the child support issue, and, thus, the ex-wife had 30 days to file a notice of appeal from that order. *Id.* at 484-85. The court found that the agreed order "addressed separate and unrelated *claims* from those issues raised in [the] petition to set child support." (Emphasis added.) *Id.* at 485.[4]

¶ 26      The decision in *Carr* did not acknowledge *Purdy* or Rule 304(a). *Carr* cited no legal authority in support of its finding that an order disposing of one of several pending postdissolution claims may be appealed by virtue of the claims being "separate and unrelated."[5] *Id.* Yet, subsequent decisions have found *Carr* implicitly found that these separate claims were separate postdissolution *actions*, which, as stated, would negate the necessity of a Rule 304(a) finding. See, *e.g.*, *In re Marriage of Ehgartner-Shachter*, 366 Ill. App. 3d 278, 284-85 (1st Dist. 2006). In addition, the First District has repeatedly relied on this so-called jurisdictional rule to find no Rule 304(a) finding is required to appeal, so long as the matter pending in the trial court is unrelated to the matter on appeal. See *In re Marriage of Knoll*, 2016 IL App (1st) 152494, ¶ 46; *In re Marriage of Baumgartner*, 2014 IL App (1st) 120552, ¶¶ 34-36; *Demaret*, 2012 IL App (1st) 111916, ¶ 35; but see *In re Marriage of Dianovsky*, 2013 IL App (1st) 121223, ¶ 40 (indicating some doubt regarding this position).

───────────────

[4]The special concurrence found jurisdiction was lacking for different reasons. *Carr*, 323 Ill. App. 3d at 487 (Cerda, J., specially concurring).

[5]We note that *Leopando* suggests multiple claims are, by nature, always unrelated to one another. *Leopando*, 96 Ill. 2d at 119.

Furthermore, the Third District joined the First District and reasoned that *Purdy* supported their collective position.

¶ 27    In *A'Hearn*, an ex-husband filed a notice of appeal from the trial court's dismissal of his postdissolution custody petition, notwithstanding that his petition for rule to show cause and his ex-wife's petition for an extension of maintenance remained pending in the trial court. 408 Ill. App. 3d at 1093-94. According to the Third District, *Purdy* held both "that a father's postdissolution motion for custody constituted a *separate cause of action*" (emphasis added), and that the trial court's ruling on the motion was a final and appealable order, despite that the visitation matter was still pending below. *Id.* at 1094. The Third District acknowledged that the trial court in *Purdy* had made a Rule 304(a) finding but nonetheless concluded that postdissolution proceedings generally constitute new actions. *Id.* at 1094-97. *A'Hearn* found that holding otherwise would not adequately acknowledge *Purdy*'s significance or the need for flexibility in postdissolution proceedings. *Id.* at 1095-97. The court stated, "it does not serve the interests of justice where one party can defeat appellate jurisdiction, especially on issues of child custody, simply by filing a separate, completely unrelated petition." *Id.* at 1098. The court added that, at a minimum, *Purdy* left open the possibility that a postdissolution order is final and appealable if unrelated to any other matter. *Id.* at 1097.

¶ 28    Two observations are apparent. First, *A'Hearn*'s reading of *Purdy* conflated a "cause of action" with an "action," meaning a lawsuit. See, *e.g.*, *In re Parentage of Scarlett Z.-D.*, 2015 IL 117904, ¶ 63 (referring to multiple "causes of action" filed in one lawsuit); see also Black's Law Dictionary (10th ed. 2014) (stating that "action" and "suit" are almost synonymous). *Purdy*'s finding that the postdissolution motion was a separate "cause of action" did not mean that it presented a separate lawsuit. Second, *A'Hearn* overlooked that Rule 304(a) provides a trial court with discretion to make a final order on a claim appealable, empowering the court to prevent the very type of gamesmanship *A'Hearn* identified. See also *B-G Associates, Inc. v. Giron*, 194 Ill. App. 3d 52, 59 (1990) (stating that an order was "final, albeit not appealable in the absence of a Rule 304(a) finding").

¶ 29    Meanwhile, the Second District disagreed with *Carr*. In *In re Marriage of Alyassir*, 335 Ill. App. 3d 998, 999 (2d Dist. 2003), an ex-wife filed a two-count postdissolution petition to increase child support and to issue a rule to show cause. After the court increased the ex-husband's child support obligation, albeit too little for his ex-wife's liking, she appealed. *Id.* Her request for a rule to show cause was still pending, however. *Id.* The Second District found it lacked jurisdiction without a Rule 304(a) finding and that *Carr* was unsound. *Id.* at 999-1000.

¶ 30    First, *Carr* failed to address supreme court case law requiring a Rule 304(a) finding. *Id.* at 1000. While *Carr* recognized that postdissolution matters may constitute separate claims, this "means only that an order that finally resolves fewer than all of them *can be made immediately appealable* by including a written Rule 304(a) finding." (Emphasis in original and omitted.) *Id.* *Carr* also improperly eliminated the trial court's discretion to decide if a piecemeal appeal would further judicial economy and the parties' various interests. *Id.* at 1001. Subsequently, the Fourth District agreed with *Alyassir* and declined to distinguish between claims brought in one petition and claims brought in several petitions. *In re Marriage of Gaudio*, 368 Ill. App. 3d 153, 157-58 (4th Dist. 2006).

¶ 31    After this split began in the appellate court, our supreme court was presented with a dissolution case in *In re Marriage of Gutman*, 232 Ill. 2d 145 (2009). Rather than directly

addressing the developing conflict, *Gutman* only added fuel to the jurisdictional fire.

¶ 32                              d. *Gutman*: Postdissolution Proceedings Present Multiple Claims

¶ 33        In *Gutman*, the trial court granted an ex-husband's motion to terminate maintenance and dismissed his ex-wife's motion to increase maintenance but did not dispose of her indirect civil contempt petition or make a Rule 304(a) finding. *Id.* at 147-48. We note that the parties' marriage was dissolved years earlier. *Id.* at 147.

¶ 34        Our supreme court reiterated that absent a Rule 304(a) finding, a final order resolving less than all claims will not become appealable until all claims have been resolved. *Id.* at 151. Additionally, the ex-wife's "pending contempt petition was not a separate claim independent of the dissolution action." *Id.* at 153-54. "Because Mary's contempt petition and the two maintenance petitions raised claims for relief in the same action, the order terminating maintenance was final as to fewer than all claims in the action." *Id.* at 156.[6] Accordingly, the court dismissed the appeal. *Id.* The supreme court reaffirmed that Rule 304(a) was intended to discourage piecemeal litigation in the absence of just cause. *Id.* at 151. *Gutman* implicitly holds that unrelated postdissolution matters constitute separate claims subject to Rule 304(a). But see *A'Hearn*, 408 Ill. App. 3d at 1097 (finding that *Gutman* did not overrule *Carr*).

¶ 35        Despite this, the First District generally continues to hold that no Rule 304(a) finding is required to appeal from an order disposing of one of several postdissolution matters so long as the matters still pending below are unrelated to the matter on appeal. See *Knoll*, 2016 IL App (1st) 152494, ¶ 46; *Baumgartner*, 2014 IL App (1st) 120552, ¶¶ 34-36. Some First District cases have found the supreme court in *Gutman* accepted the appellate court's characterization of the contempt petition as having been filed in the underlying *predissolution* proceeding and, thus, *Gutman* does not control the assessment of jurisdiction in *postdissolution* proceedings. See, *e.g.*, *Demaret*, 2012 IL App (1st) 111916, ¶ 35; *A'Hearn*, 408 Ill. App. 3d at 1098; but see *Dianovsky*, 2013 IL App (1st) 121223, ¶ 40 (applying *Gutman* in a postdissolution setting). We disagree.

¶ 36        The supreme court clearly understood from the facts before it that the petitions at issue were filed after the marriage was dissolved. *Gutman*, 232 Ill. 2d at 147-48. In addition, the court recognized that the ex-wife characterized the order appealed from as a "postdissolution order." *Id.* at 150. Moreover, neither the supreme court nor the appellate court found the case presented predissolution proceedings. See *In re Marriage of Gutman*, 376 Ill. App. 3d 758, 759, 761 (2007) (referring to the ex-husband's "postdissolution petition" and citing postdissolution case law).

¶ 37        To the extent that the appellate and supreme courts discussed the pending petition for rule to show cause as part of the "underlying proceeding," we observe that contempt petitions are regularly discussed as part of another underlying proceeding, even outside the context of dissolution. See, *e.g.*, *Anderson Dundee 53, L.L.C. v. Terzakis*, 363 Ill. App. 3d 145, 148, 156 (2005) (referring to the underlying proceedings for mismanaging property as opposed to the collateral contempt proceedings). It does not follow that *Gutman* was referring to the predissolution proceeding underlying the postdissolution proceeding, as opposed to the postdissolution proceeding underlying the contempt petition. Moreover, *Gutman*'s holding

---

[6]The court also observed that only a contempt judgment imposing a sanction is final and appealable under Rule 304(b). *Id.* at 152-53.

that the contempt petition was not "independent of the *dissolution* action" (emphasis added) was arguably imprecise. *Gutman*, 232 Ill. 2d at 153-54.

¶ 38 Even assuming that *Gutman* should be viewed as a predissolution case, *Gutman* favors the Second and Fourth Districts' position that separate, unrelated postdissolution matters present separate claims, not separate actions, and that a Rule 304(a) finding is required where only one of several pending postdissolution petitions has been resolved. Specifically, *Gutman* reiterated that piecemeal litigation should be discouraged in the absence of just cause. *Id.* In contrast, the approach of the First and Third Districts would encourage piecemeal litigation, regardless of whether just cause exists.

¶ 39 Where a party files one postdissolution petition, several more are likely to follow. Allowing or requiring parties to appeal after each postdissolution claim is resolved would put great strain on the appellate court's docket and impose an unnecessary burden on those who would prefer not to appeal until the trial court resolves all pending claims. To be sure, justice may on occasion require that a final order disposing of a claim be immediately appealed, rather than held at bay until another pending postdissolution claim is resolved. Yet, Rule 304(a) accommodates those circumstances: the trial court need only enter a Rule 304(a) finding. See *John G. Phillips & Associates*, 197 Ill. 2d at 344-45.

¶ 40                                        e. The State of Supreme Court Jurisprudence

¶ 41 Supreme court case law establishes the following: (1) predissolution issues are generally related and part of a single claim, requiring the entire matter to be resolved in order for the appellate court to be vested with jurisdiction, (2) simultaneously pending postdissolution matters may be unrelated and, therefore, constitute separate claims, and (3) an order disposing of only one such claim is not subject to appeal absent a Rule 304(a) finding. We decline to follow what, in our view, is a misinterpretation of *Purdy*, a misinterpretation of *Gutman*, and a generous revision of *Carr*. Accordingly, we join the Second and Fourth Districts and adhere to Rule 304(a)'s mandate that a final order disposing of one of several claims may not be appealed without an express finding that there is no just cause for delay. We now turn to the facts of this case.

¶ 42                                                     f. Pending Matters

¶ 43 Here, petitioner filed a notice of appeal from the trial court's orders finding him to be in indirect civil contempt and granting respondent's motion for sanctions. Even assuming that respondent's request for child support was no longer pending when petitioner filed his notice of appeal, respondent's petitions for attorney fees under section 508(a), section 508(b), and Rule 219 were still pending. Because the orders appealed from did not dispose of every claim, this court does not have jurisdiction under Rule 301. See *id.* at 339. Because the trial court did not make a finding under Rule 304(a), the orders were not appealable under that rule either. Consequently, we must dismiss this appeal for lack of jurisdiction.

¶ 44                                                      III. Conclusion

¶ 45 Supreme court decisions dictate that a final order disposing of one of several claims may not be appealed without an express finding that there is no just cause for delay. Here, claims remain pending in the trial court, but that court has not entered a Rule 304(a) finding.

Accordingly, we dismiss this appeal.

¶ 46          Appeal dismissed.